**DONALDSON et al. v. OAK PARK CEMETERY, Inc., et al.**

No. 10399.

Court of Civil Appeals of Texas. Galveston

Nov. 4, 1937.

Lewis Fogle, of Houston, for J. I. Donaldson and others.

Virgil Childress and Lawler, Wood & Childress, all of Houston, for Golden Gate Cemetery.

T. J. O'Brien and Edgar Monteith, both of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the Sixty-First district court of Harris county, sitting without a jury, wherein, at the close of the evidence offered for the appellants (who were plaintiffs below) and before any evidence in behalf of the appellees (who were the defendants below) had been received ·or offered, the court, after sustaining the motion of the appellees therefor, denied the appellants any of the relief they sought; in the decree itself the learned trial judge embodied findings of fact and conclusions of law, upon which the appellees rely in this court for an affirmance of the action so taken below, asserting merely that the evidence was sufficient to support the findings of fact so made, and that the conclusions of law were properly inferable therefrom.

In this court, upon the other hand, the appellants, who sued below as the purchasers and owners of burial· lots in Oak Park Cemetery, adjacent to the city of Houston, seeking to restrain the appellee cemetery association from converting into burial lots two certain "park" and "flower-bed" spaces on opposite sides of the cemetery entrance at its front, and to require it to establish a perpetual upkeep fund for the balance of the cemetery, urged that the procedural rule of law the appellees so invoked is not applicable to a case coming to the appellate court in such circumstances, since they at least raised issues of fact over whether or not they were entitled to the relief they so sought below; in that behalf, in their answering brief, they make this argument:

"Appellee is relying upon the findings of fact and conclusions of law of the trial-court as being conclusive against appellants. This court will bear in' mind that

the judgment of the trial-court was upon a motion for judgment, after plaintiffs had rested and before any evidence had been introduced by defendants. The motion was in effect a demurrer to the evidence, which was to say that, taking plaintiffs' evidence to be true, it did not establish grounds for the relief sought. It was not a finding upon the whole case, because the whole case was not before the court. The rule for such a case is thus stated in 41 Tex.Jur., 1250:

" 'In a non-jury case the judge may entertain a motion for judgment at the close of plaintiff's case as he may entertain a motion for directed verdict in a jury-case at that stage, but such motion is waived by defendant's introducing evidence after the motion is denied.'

"The motion for judgment in this case being equivalent to a motion for an instructed verdict in a jury-case, then the rules applicable to a review of a judgment on instructed verdict must apply; that is, plaintiff's evidence should be viewed in the light most favorable to plaintiff's theory of the case, and all evidence to the contrary should be discredited. See 41 Tex.Jur. 949 et seq.

"The rule is thus stated in 64 C.J. 1210, 1211, § 1022:

" 'A demurrer to the evidence in actions tried by the court without a jury, as in actions tried by a jury, presents for consideration only a question of law, and such demurrer is subject to the rules governing demurrers to the evidence in actions tried with a jury. Accordingly, the evidence is to be viewed in the light most favorable to plaintiff, giving him the benefit of every reasonable inference. The court cannot weigh conflicting evidence, but must consider as true all portions of the evidence which tend to prove the allegation in the petition, and reject all evidence unfavorable to plaintiff; or, as otherwise expressed, the truth of all the evidence favorable to plaintiff is admitted by the demurrer, subject to the limitation that the admission is for the purpose of the demurrer only. As in cases tried by a jury, demurrer to the evidence cannot be sustained if there is any substantial evidence in support of

plaintiff's petition, but will be sustained where there is no issue of fact presented to the trial court, or where there is no evidence offered to establish any material fact required to be proved.' .

"Appellees' motion for a judgment at that stage of the trial was not a submission of the case to the court upon a preponderance of the evidence, because they were reserving the right to introduce further evidence in the event of a denial of the motion. The judgment of the court, then, and his findings of fact and conclusions of law, did not constitute a finding upon a preponderance of the evidence, but a declaration of what he conceived to be the law upon the evidence, and not a weighing of the facts. The judgment and conclusions of the court could have been nothing other than a statement that, not upon the weight and preponderance of the evidence, but as a matter of law, plaintiffs were not entitled to recover; in other words, no issue of fact was made by the evidence. This, of course, cannot be sustained upon this record."

This court considers this position of the appellants, as applied to the undisputed facts here, to be correct, hence approves it.

█ It is equally clear from an examination of the statement of facts that a prima facie case was made out by the evidence for the appellants upon one, if not both, of the causes of action they declared upon, that is, to prevent the conversion of the two open spaces referred to into burial lots, and to establish out of the proceeds of the sale of lots elsewhere in the cemetery the perpetual upkeep fund; in view of another trial, it is deemed unnecessary, if not improper, for this court to discuss such evidence at length, since it is enough to determine that such prima facie showing was made; wherefore it was reversible error to hold that as a matter of law no case at all was made out.

Without further discussion, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

PLEASANTS, C. J., absent.