## BURKHARDT v. HARRIS et al.
### No. 9612.

Court of Civil Appeals of Texas. Austin.
Feb. 19, 1947.

Rehearing Denied March 19, 1947.

W. H. Nunn and W. K. McClain, both of Georgetown, for appellant.

W. C. Wofford, of Taylor, for appellee.

BAUGH, Justice.

Appellant, as administrator of the estate of Mrs. Christina Gruenwald Burkhardt, sued appellees for $2,000 alleged to have been due by them to Mrs. Christina Gruenwald Burkhardt at the time of her death. Trial was to the court without a jury; and at the close of plaintiff's evidence, upon motion of defendants, judgment was rendered that plaintiff take nothing; hence this appeal.

Suit was against Mrs. Fannie Harris, her husband, Sam Harris, and their son Sam Harris, Jr., on three counts:

First, that Fannie Harris, acting for and on behalf of herself and the other named defendants, borrowed from Mrs. Burkhardt on August 8, 1940, the sum of $2,000, upon a promise that the defendants would execute to her a note for $2,000, bearing 6% interest; that having secured said money under such promise, they failed to execute and deliver same, and converted the funds to their own use.

Second, that when Mrs. Burkhardt delivered said $2,000 to Mrs. Fannie Harris, she did not then have sufficient mental capacity to know, understand and appreciate what she was doing; which mental condition was well known to Mrs. Fannie Harris, who took advantage of it.

Third, in the alternative, that if defendants were not guilty of tortuous conversion of said money, then that said transaction was intended as a loan to Fannie Harris, acting as agent for the other defendants who well knew the manner and purpose for which Fannie Harris obtained said money, ratified her acts in doing so, and accepted and used said money for their own benefit, and were estopped to deny her agency in the premises.

Each of the defendants filed separate answers wherein they, in addition to general denials, pleaded the coverture of Mrs. Fannie Harris; denial by the husband and son of her right to act as their agent; or that said loan was made to Mrs. Fannie Harris for necessities or for the benefit of her separate estate. Mrs. Fannie Harris further answered by special plea that said transaction was intended as a gift by Mrs. Burkhardt to her, on condition that Mrs. Burkhardt be paid 6% interest per annum on said sum as long as the donor lived, which payments were made.

The check in question was dated August 8, 1940, signed by Mrs. Burkhardt, payable to cash. The president of the bank on which it was drawn testified that Mrs. Fannie Harris first presented same for payment, which was declined. Shortly thereafter Mrs. Burkhardt and Mrs. Harris returned to said bank together and presented the same or a similar check, which was paid in cash without any indorsement. Witness did not know whether it was paid to Mrs. Burkhardt or Mrs. Harris. W. H. Nunn, attorney for appellant in the administration proceedings on the estate of Mrs. Burkhardt, testified that in collecting the assets of said estate he found the check in question, took it with him to the place of business of Sam Harris, where the following occurred: "I told him that I had this check—well, I told him I was representing Mrs. Burkhardt's estate and I had this check and I understood that the money that was paid on this check was received by them and put in the business in buying out Mrs. Johnson and asked him if that was so. He said, yes, it was so, that it was put in the business."

Said witness, upon being recalled to the stand later, testified further: "There was a little more to the conversation than what I said, which was this—after stating what I said, I asked him about the payment of the check and told him that we wanted to clear up the assets and I asked him had it been paid and he said it had not, and I asked him about the payments and he said he would take the matter under consideration, and I went back to see him later and nothing doing."

We pretermit a summary or discussion of the testimony of the three witnesses concerning the mental capacity of Mrs. Burkhardt at the time. She was then between 85 and 90 years of age, and at most we think that such testimony only shows that she was absent minded and forgetful, a condition naturally concomitant with her advanced age.

However, Mrs. Richard Sansom, Jr., daughter of appellant, and a great-niece of Mrs. Burkhardt, testified that she lived immediately adjacent to the home of Mrs. Burkhardt, both homes being in the same yard, about 20 or 30 feet apart, and saw Mrs. Burkhardt several times daily. That she looked after Mrs. Burkhardt's affairs, made her deposits, cashed her checks, brought her money, and made purchases for her. That on the afternoon of August 8, 1940, the day of said transaction, Mrs. Burkhardt told witness she had that day loaned Mrs. Harris $2,000, who had given a note for it, which was in Judge Wilcox's office, and that Mrs. Harris had paid her the first year's interest in advance,—$120 in cash. That of this sum witness, upon Mrs. Burkhardt's instructions, spent $20 in repairing Mrs. Burkhardt's home and deposited the remaining $100 to her credit in the bank. That Mrs. Harris was no relation of Mrs. Burkhardt, lived about a mile away, visited her frequently, but that Mrs. Burkhardt was in nowise dependent upon her.

It is the contention of appellee that because it was not shown that said money was borrowed by Mrs. Harris for necessaries, or for the benefit of her separate estate, her plea of coverture was good and she would not be liable for the debt. Further that the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony, and, consequently, his judgment thereon is conclusive.

It is now settled however that where, in a trial to the court without a jury, the court grants defendant's motion for a judgment at the close of plaintiff's evidence, the same rule applies as if trial were to a jury and the court had instructed a verdict in favor of the defendant. That

is, all testimony in support of the plaintiff's pleadings must be taken as true and in its most favorable light; and if, when so taken, it be sufficient to support a judgment in favor of plaintiff on any theory of his case, then it is error for the trial court to render judgment against him. Lorino v. Crawford Packing Co., Tex.Civ.App., 169 S.W.2d 235, 240; Donaldson v. Oak Park Cemetery, Tex.Civ.App., 110 S.W.2d 119, 120; 41 Tex.Jur., § 380, p. 1250; § 177, p. 949. Nor is it necessary to prove essential material facts by direct testimony. They may be inferentially established. 41 Tex.Jur., § 176, p. 947.

Applying these principles to the case here presented, we think there was sufficient testimony from which it could be reasonably inferred that Mrs. Burkhardt made a loan of said money to Mrs. Harris; that her husband knowingly received the full benefit of the loan, accepted the money himself and put it into his business; and from such facts it may be inferred that his wife's acts in borrowing same were done with his knowledge, consent and approval. That being true, she became his agent by ratification and estoppel and their community business having received the benefits of her acts, he would be legally bound for such debt. Woodward & Hardie v. McMillan, Tex.Civ.App., 34 S.W.2d 357, 359, and cases therein cited; 2 Tex.Jur., § 89, p. 487; 23 Tex.Jur., § 120, p. 150; Speers Law of Marital Rights, 3d Ed., § 180, p.240.

However, the wife would not be personally liable for such debt and no personal judgment could properly be rendered against her without showing that said money so borrowed was used in payment for necessities, or was expended for the benefit of her separate estate. Art. 4623, R.C.S.; Keith v. Allen, Tex.Civ.App., 153 S.W.2d 636; 23 Tex.Jur., § 184, p. 219. Plaintiff made no such proof in this regard. Nor was there any proof whatever of any liability on the part of Sam Harris, Jr., for such debt. Under these circumstances the trial court's judgment in favor of Mrs. Fannie Harris and Sam Harris, Jr., was correct and should be affirmed. The judg-ment in favor of Sam Harris is reversed and the cause remanded.

Affirmed in part and in part reversed and remanded.