J. A. VESTAL ET UX v. GULF OIL CORPORATION.

No. A-2793. Decided January 10, 1951.
(235 S. W., 2d Series, 440.)

488

*McDonald & Anderson* and *George W. Anderson,* all of Wichita Falls, for petitioners.

The Court of Civil Appeals erred in holding that petitioners are not entitled to recover from respondents for loss of enjoyment of their home as well as for permanent decrease in value of their real property by reason of the nuisance created by respondent; said court also erred in holding that petitioner's money judgment against respondent for loss of enjoyment of their home and for permanent decrease in value of their real property on account of the nuisance created by respondent was double damages. Citizens Planing Mill v. Tunstall, 160 S. W. 424; Daniel v. Ft. Worth & R. G. Ry. Co., 96 Texas 327, 72 S. W. 578; Marvel Wells v. Seelig, 115 S. W. 2d 1011.

*J. W. Harvey,* of Archer City, *Vincent Stine,* of Henrietta, *W. B. Edwards* and *David W. Stephens,* of Fort Worth, and *Archie D. Gray,* of Houston, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit by J. A. Vestal and wife, Mary Vestal, petitioners, against Gulf Oil Corporation, respondent, to recover

permanent damages to their property, and also to recover temporary damages for the loss of enjoyment thereof.

The trial was had with the aid of a jury, and based upon the findings of the jury in answer to special issues submitted, the trial court entered judgment in favor of petitioners for the sum of Eight Hundred Ninety-five ($895.00) Dollars with interest thereon from December 19, 1948, for the loss of enjoyment of their home; and for the sum of Seven Hundred and Fifty ($750.00) Dollars for decrease in the value of their real estate, with interest thereon at six per cent (6%) from June 1, 1947. This judgment was reversed and remanded by the Court of Civil Appeals, 231 S. W. 2d 523.

The facts are set out in detail in the opinion of the Court of Civil Appeals; therefore, we will only mention such facts as are necessary to a proper presentation of the issues involved in this suit. Petitioners, J. A. Vestal and wife resided on the premises they owned in Archer City, Texas, situated adjacent to the highway two blocks north of the courthouse. Respondent, Gulf Oil Corporation, is lessee of the adjacent lots to the south, on the front of which is a gasoline filling station. However, no complaint is made as to the manner of operation of the retail filling station, but this case grows out of the operation by the respondent of a wholesale storage plant, located at the rear of the premises under lease by the respondent. This wholesale storage plant was first constructed in February, 1947, and it is alleged by the petitioners that such plant was constructed within two feet of the south property line of the lot upon which they resided as a home. It is also claimed that vent pipes were placed in the said tanks and that these pipes extended approximately ten feet into the air with elbows screwed on the tops thereof. It is further alleged in petitioners' original petition, upon which they went to trial ,that about December 19, 1947, the respondent began to keep and store large quantities of gasoline; namely, about 15,000 gallons in the storage tanks; that in the operation of filling said tanks with gasoline, large quantities of gasoline vapors which are explosive and inflammable, escaped from the vents, and petitioners further alleged that the said vapors were blown directly into their home and constantly menaced their safety and property, "filled them with fear that it would explode, ignite and burn them up, caused them to be nervous and afraid, affected their health and their peace of mind, constituted a private nuisance as to them and which said condition continued from said date until on or about December 19, 1948, * * *". Petitioners further alleged that by decreasing

the enjoyment of their home in the manner stated above they were damaged in the sum of $1,000.00; they further alleged, and it is undisputed, that the vents were removed on December 19, 1948, and petitioners "now make no complaint thereof."

Then in paragraph 6 of petitioners' first amended original petition, upon which they went to trial, we find the allegations of damage with reference to claiming decrease in the value of the property owned by petitioners.

The trial court submitted the case to the jury on 14 special issues, but as we view this case it is only necessary for us to discuss Special Issues Nos. 7, 10, 11, 12 and 13. The Court of Civil Appeals found that the form of issues submitted on the question of damages allowed petitioners double damages and also held that the form of Special Issue No. 13 misplaced the burden of proof as to unreasonable use.

Special Issue No. 7 reads as follows:

"Do you find from a preponderance of the evidence J. A. Vestal and wife have been damaged in the material decrease of the use and enjoyment of their home, if any, by reason of such escape, if any, of the gasoline vapors from defendant's storage tank vents from December 7, 1947, to December 19, 1948?"

In answer to Special Issue No. 7 the jury allowed damages in the sum of $895.00 for the loss of the "use and enjoyment" of their property. The petitioners contend that they treated Special Issue No. 7 as a submission of the issue pertaining to the claim for personal injuries rather than as a claim to temporary damage to the property. We have examined the pleadings relative to this particular issue and find that in paragraph 5 the petitioners attempted to plead facts going to show damage to their health, but concluded the pleadings by alleging that such facts decreased the enjoyment of their home, entirely abandoning the question of personal injuries, and as stated above, only submitted Special Issue No. 7 on this question.

■ Under the decisions in this state there can be recovered in a single action damages to permanent injury to land and damages to health or personal discomfort. In Daniel v. Fort Worth & R. G. Ry. Co., 96 Texas 327, 72 S. W. 578, which is one of the principal cases relied upon by petitioners, it will be found, on close reading, that additional damages were not allowed for

"loss of enjoyment" as such, but only damages to health or physical discomfort.

The case of St. Louis, S. F. & T. Ry. Co. v. Shaw, 99 Texas 559, 92 S. W. 30, 6 L. R. A. N. S. 245, by the Supreme Court cites the Daniel case as authority for the proposition that recovery may be had in the same action for damages by way of depreciation to real estate and also for annoyance and personal discomfort. In the case of Vann et al v. Bowie Sewerage Co., Inc., 127 Texas 97, 90 S. W. 2d 561 (Com. of App.) we find the Daniel case cited again as authority for the proposition that personal damages for personal injuries can be recovered regardless of the recovery of injuries for permanent damage to land.

Special Issue No. 7, quoted above, restricts the damages to the loss of use and enjoyment of the real property, and no issue was submitted to the jury for its determination of an issue of damages for personal injury.

In the case of Kentucky West Virginia Gas Co. v. Lafferty, 174 F. 2d 848, 850, the Court said:

"* * * A claim of damages for diminution of the value of the use of real estate is not a claim for damages for personal injury, but for injury to the real estate, and with this conclusion, counsel for the appellant company agree * * *"

An examination of Special Issues Nos. 10, 11 and 12 will reveal that these issues submitted the issue of permanent damage to the real property involved herein. Where the injury to realty is temporary, the measure of damages may include recovery for loss of use and enjoyment; but damages for permanent injury comprehends and includes loss of use and enjoyment. Texas & P. Ry. Co. v. Ford, 54 Texas Civ. App. 312, 117 S. W. 201.

■ The court's charge in submitting the question of permanent damages to petitioners' property in Special Issues Nos. 11 and 12, inquired as to the value of the property immediately before and immediately after the installation of the plant. The Court of Civil Appeals held that the difference in value immediately before and immediately after the installation in February, 1947, did not represent the true measure of permanent damage to the property. It further held that the permanent damage is that which has resulted, and will result, from the

operation of the plant in the condition it was left after the changes were made, as described above in December, 1948.

We are of the opinion that the Court of Civil Appeals is correct in its position. But from an examination of the pleadings and taking into consideration the theory upon which this case was presented in the trial court, we are convinced that the issue of permanent damage could not have been submitted in any other manner.

■ We now direct our attention to Special Issue No. 13, which reads as follows:

"Do you find from a preponderance of the evidence that the loading and unloading of gasoline and the incidental operations and consequences thereof on the premises involved is a reasonable use of such premises by the defendant? 'Answer yes or no.' Answer: 'No.'"

The respondent in the trial court objected to the form of submission of the above issue because it misplaced the burden of proof. The Court of Civil Appeals sustained this position.

Petitioners contend that because respondent said in its answer that a reasonable use was being made of the property, such matter became an affirmative defense and that respondent assumed the burden of proof with reference thereto. Petitioners seek to escape the effect of misplacing the burden of proof by saying that the other issues submitted to the jury and their answers thereto constituted a sufficient basis for recovery of damages found by the jury. We cannot sustain this position. The burden of proof with reference to showing that the use of the wholesale property was not reasonable remained on petitioners. It was an ultimate issue and the burden rested on the petitioners to plead and prove and secure a jury finding that the use of the wholesale property by the respondent was unreasonable.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 10, 1951.

No motion for rehearing filed.