ANGELINA HARDWOOD LUMBER COM-
PANY, Appellant,

v.

Wyrick IRWIN, Appellee.

No. 12731.

Court of Civil Appeals of Texas.

Galveston.

March 3, 1955.

**408**

E. T. McCain, Jr., Palestine, Fountain, Cox & Gaines, and Joyce Cox, Houston, and Howell Cobb, Beaumont, for appellant.

B. R. Reeves, and R. W. Lawrence, Palestine, Kleinecke, Nussbaum & Piperi, H. E. Kleinecke, Jr., Galveston, for appellee.

CODY, Justice.

This was a suit brought by appellee, who owned a motel in Palestine, against appellant, a corporation, which operated a steam mill and used sawdust as fuel to fire its boilers. The sawmill had two smokestacks. Appellee plead that half-burned sawdust, soot, etc., were carried by the wind upon his premises and into his tourist cabins and constituted a permanent nuisance. By his suit he sought a permanent injunction and to recover damages for the decreased value of his land and also damages for personal inconvenience. By trial amendment plaintiff sought, in the alternative, and only in case that the acts complained of created a temporary nuisance, that they should be abated by an injunction. In view of the points presented by appellant, hereafter referred to, we deem it proper here to give a résumé of the jury's findings in response to special issues submitted to them. Hereafter the appellee will be referred to as plaintiff and the appellant as defendant. In substance, as answered, the special issues are as follows:

(1) That the defendant permitted substances to be carried onto plaintiff's property;

(2) That such substances materially annoy ordinary persons;

(3) That they did annoy plaintiff;

(4) To the extent of $1,000;

(5) That the cause was a permanent condition;

(5A) Which became permanent in 1942;

(6) That thereby the market value of plaintiff's tourist court was depreciated;

(7) To the extent of $2,500;

(8) That the condition constituted a nuisance (as defined);

(9) Which was permanent;

(10) Becoming so in 1942;

(11) But that considering all of the circumstances, defendant's sawmill operation was not an unreasonable use of its premises;

(12) That a preponderance does not establish that from prior to 1945 to present the sawmill has not operated without increase in discharge of cinders;

(13) That under all the circumstances, plaintiff and those under whom he holds delayed unreasonably in filing suit for injunction;

(14) That plaintiff and his predecessors knew when they built new courts since 1945 that the sawmill would continue to operate and cause the discharge of cinders.

Such of defendant's objections to the court's charge, etc., as we deem proper to discuss will be taken up later. The court overruled defendant's motions for directed verdict, and for judgment on the verdict, and for judgment notwithstanding the verdict, and rendered judgment for plaintiff in the principal sum of $1,000, and rendered an injunction against defendant in this language:

"It is further the order and judgment of this court that the defendant, Angelina Hardwood Lumber Company, be and it is here now restrained and enjoined from burning sawdust for fuel in its mill at such a place and in such a manner that said sawdust or its residue will be carried by the wind onto the property of and into the living quarters of plaintiff in such quantity as to materially annoy and disturb persons of ordinary sensibilities, tastes and habits."

Defendant, on appeal, urges twenty points for reversal and rendition, or reversal and remand, which cover some 3½ pages of its brief and which consequently cannot be passed upon individually.

The injunction as worded by the court, which, see above, complies with the correct abstract principle of law. But it fails to set out specifically the things which defendant is required to do, or refrain from doing, in order to abate the nuisance, and so escape being liable as for contempt. Seastrunk Rendering Co. v. Hollingsworth, Tex.Civ.App., 177 S.W.2d 1014; Ft. Worth Acid Works v. City of Ft. Worth, Tex.Civ. App., 248 S.W. 822, affirmed, Tex.Com.App., 259 S.W. 919; Royalty v. Strange, Tex. Civ.App., 204 S.W. 870; Lone Star Salt Co. v. Blount, 49 Tex.Civ.App. 138, 107 S.W. 1163. We do not consider Lamb v. Kinslow, Tex.Civ.App., 256 S.W.2d 903, (writ refused), as being in point. In that case the owner of a gin constructed a pipe 900 feet to convey away the burrs to be burned at a point 450 feet southeast of appellee's home. While the injunction was worded in loose language, it was clear that the pipe could be lengthened or shortened to carry the burrs to a place sufficiently remote from the plaintiff's home that the burning of them would not result in smoking plaintiff out of his home. We sustain defendant's applicable point, and hold that the failure of the injunction to lay down a specific guide for defendant to follow in abating the nuisance presents reversible error.

It will be noted that the jury found in response to special issue No. 9 that the manner in which the mill was operated was a permanent nuisance, and in answer to special issue No. 10 that it became such in 1942. This raises the question, not whether plaintiff is entitled to recover damages, but whether he is entitled to the harsh remedy of injunction. See Storey v. Central Hide & Rendering Co., infra.

The evidence shows that the tourist cabins and the sawmill are both located in the area which has been zoned by the City of Palestine as industrial. The proper-ties are about 100 yards apart, with the railroad tracks separating them. The plaintiff's father purchased the court property in 1936, at which time it consisted of a beer joint, dance hall and six cabins. By 1940 there were some 13 or 14 cabins. Some four years after the mill (a hardwood sawmill) had been erected, a total of 20 of the 34 cabins had been erected. A Mr. Vickers first erected the mill, which was prior to 1942. It was first a one-boiler, one-stack mill; but during Vickers' ownership the mill became a two-boiler, two-stack mill, and it is now such a mill. Defendant acquired the mill in March, 1950. Defendant purchased the mill because it was appropriately located, and no complaint had ever been made about its location. The value of the mill is about $75,000. It has a payroll of $300,000 a year, and between 80 and 100 families of the community get their living therefrom.

The only practical and feasible fuel for a hardwood sawmill, according to defendant's evidence, which, we do not believe was disputed, is sawdust. No complaint had ever been made about the cinders, etc., coming from the stacks, until after defendant acquired the property; and no attempt had been made to control same. But when complaint was made by plaintiff, defendant began trying every means to stop the cinders, etc., from escaping from the stacks. He has not been successful, and it is undisputed that some cinders and refuse from the fuel go upon plaintiff's property "when the wind is right." The plaintiff acquired the courts in 1950. We infer, though it is not so stated by the parties, that plaintiff inherited the courts from his father. At least, the inference is that he was familiar with the situation of the property when he acquired same. We do not intimate that, because plaintiff inherited the property or was familiar with it when he acquired it, he is not entitled to recover damages. Our inquiry is aimed at whether plaintiff is entitled to the harsh remedy of injunction.

A plaintiff is not entitled to an injunction to abate a nuisance if he can recover adequate damages by a suit at

law. Galveston H. & S. A. Ry. Co. v. DeGroff, 102 Tex. 433, 440, 118 S.W. 134, 21 L.R.A.,N.S., 749. But the court went on to hold that if it be conceded that the plaintiffs had right to an injunction, then the law required that they should prosecute that right within a reasonable time. Said the court further, at page 441 of 102 Tex., at page 138 of 118 S.W., "What will be considered a reasonable time depends upon the facts and circumstances of the case." And the court further said that in some cases three years have been held to be an unreasonable time to delay proceedings. See also the later case of Storey v. Central Hide & Rendering Co., 148 Tex. 509, 512, 226 S.W.2d 615. The jury found here in answer to special issue No. 13 that under all the circumstances, plaintiff, and those under whom he holds, delayed an unreasonable time in filing suit for an injunction. We believe that, under the evidence produced on the trial, as a matter of law, plaintiff and those under whom he claimed, were guilty of laches in not bringing suit for an injunction before nine years had elapsed after the nuisance had become permanent. The mill had continued to be improved during the delay. But if the question is one of fact, the jury found the fact against plaintiff.

■ However, had the annoyance of which plaintiff complained resulted from the defendant's negligent operation of the mill, we would have a different case. A nuisance may be the consequence of negligence. King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636, 639. But plaintiff did not charge in his pleadings that the nuisance of which he complained resulted from the negligent operation of the mill, and submitted no special issue relative to the negligent operation of the mill resulting in the soot, smoke, half-burned sawdust, etc., being carried by the wind upon his property. We think there is no question but that under the pleadings and evidence the jury was authorized to find that the nuisance was permanent. The fact that the operation of the mill was a nuisance only "when the wind was right" did not make the finding of permanency one which was not supported by the evidence. See

Storey v. Central Hide & Rendering Co., supra.

■ The court permitted defendant to introduce evidence to show that if defendant was required to operate the mill so as not to permit cinders, etc., to escape upon plaintiff's property, that this would necessarily result in compelling defendant to cease operation. And the court also permitted defendant to introduce evidence which tended to prove that the continued operation of the mill was in the public interest. But the court refused to permit the defendant to submit special issues thereon to the jury. This refusal, we think, constituted reversible error. The evidence so introduced by defendant did not fail, as a matter of law, to raise such issues. So the determination thereof was a question of fact for the jury, and the jury's finding thereon would be binding on the court.

■ It is true, as defendant here contends, that there must be two factors present before a nuisance can be found to exist. One factor is the creation or maintenance of a condition by a defendant on his property productive of unreasonable inconvenience or annoyance. But it is not enough for a plaintiff to prove that the use by a defendant of his property causes a condition which is annoying to him in his use and enjoyment of his property, a condition which would be substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes and habits living in the locality where the premises are situated, but a plaintiff must go further. The burden of proof in such case is on the plaintiff to show that the use made by the defendant was not reasonable. So here the burden was on the plaintiff to plead and prove that the use made by defendant of its property was unreasonable. Vestal v. Gulf Oil Corporation, 149 Tex. 487, 235 S.W.2d 440. The Court should submit to the jury inquiries as to the existence of both factors under all the circumstances and surroundings, and in the light of what is reasonable.

We do not consider that the repetition in the special issues of the terms "smoke,

soot, burned sawdust and ashes" is a comment on the weight of the evidence, nor are they synonymous terms.

We overrule defendant's other points. The cause should be reversed and remanded for a new trial, and it is so ordered.

The court, upon its own motion, withdraws its former opinion.

Appellant's and appellee's motions for rehearing are refused.