**NEUHOFF BROTHERS PACKERS, INC.,**
**Appellant,**

v.

**Thomas A. BROOKS et ux., Appellees.**

**No. 4541.**

Court of Civil Appeals of Texas.

Waco.

Dec. 8, 1966.

Turner, Rodgers, Winn, Scurlock & Terry, Frank J. Scurlock, James L. Armour, Dallas, for appellant.

John B. McNamara, Jr., and Vernon Smith, Waco, for appellees.

## OPINION

WILSON, Justice.

The operator of a cattle feed lot appeals from a judgment for plaintiffs, based on jury findings, for damages arising from its operations.

The basic contention of appellant is that plaintiffs tried the case on the theory they suffered only personal injury by reason of a nuisance; whereas the case was submitted to the jury on the basis of property damage to realty.

The petition alleged the manner of operation of the feed lot constituted a nuisance which interfered with, and caused "damage, harm and inconvenience to the plaintiffs in their use and enjoyment of their property," and resulted in discomfort, annoyance, embarrassment and injury to their health whereby they sustained damage. It was further alleged that because of the conditions described, plaintiffs' home "has been destroyed as a place where their friends and loved ones can gather;" that they are "damaged and injured in the comfortable use and enjoyment of their home

and their property." The issue submitted inquired as to the damage, if any, which would reasonably compensate plaintiffs for inconvenience, personal discomfort, annoyance, and loss of use and enjoyment of their home, resulting from the operation.

Appellant made no objection to this issue. It objected, however, to the definition of "nuisance" given in connection with another issue inquiring whether the operation of the feed lot was a nuisance, and the objection to the definition is the only one preserved for review. This definition in part was: a "condition brought about by one party in the use of his property, so unusual and excessive that it necessarily causes damage or harm or inconvenience to another party in the use and enjoyment of his property, substantially, materially and unreasonably interfering with the latter's comfort, and proper use and enjoyment of his property * * *". The objection to this definition was that the case had been tried on the theory it was a suit solely for personal injuries, whereas the quoted language pertained to real property damage and diminution in value. Appellant also complains of refusal of its requested alternative issue asking whether the nuisance, if any, from odor was permanent or temporary.

■ Plaintiffs pleaded, and the charge submitted damages to plaintiffs for both personal injuries and property damage. They were authorized to recover both in a single action. Vestal v. Gulf Oil Corp., 149 Tex. 487, 235 S.W.2d 440, 441.

Appellant submits that there was no evidence to authorize submission of a property damage issue or support a jury finding of such damage. Appellees concede this. They agree that "no evidence was introduced or tendered bearing upon or relating to the value of appellees' land or the value of its use and enjoyment". They insist, however, that they pleaded only damages for personal injuries, and the charge submitted no element of property damage.

In Vestal v. Gulf Oil Corp., above, the Supreme Court held that a pleading and

**300**

charge incorporating the element of damage to plaintiffs "of the use and enjoyment of their home" did not relate to a claim for personal injuries, "but for injury to real estate," and "loss of use and enjoyment of real property".

 The definition of "nuisance", to which the damage issue was directly tied, was subject to appellant's objection that it submitted the element of property damage, whereas the case had been tried solely as one for personal injuries.

Error is assigned to overruling of appellant's motion for new trial asserting jury misconduct, and to refusal of the court to hear evidence of alleged misconduct. The motion for new trial was not verified, and there were no affidavits of jurors attached. There were allegations that "some of the jurors" related their personal experiences in smelling odors from appellant's lot; that there was "a great amount of discussion" concerning attorney's fees; that three named jurors argued that plaintiffs' property had been destroyed, and property damage should be the basis for the verdict. The court declined to hear testimony from the jurors.

In the absence of affidavits of jurors or a showing of reasonable excuse for their absence, where misconduct is asserted, a refusal to hear testimony "is a matter within the sound discretion of the trial judge." Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, 646.

Appellant's motion alleged that one of the jurors (not one of those named as having committed acts of misconduct) had promised to make an affidavit, but later declined because he believed it was improper. There is no showing of any effort to obtain affidavits from any of the other eleven jurors. In our opinion there was not a showing of reasonable excuse for failure to obtain and exhibit affidavits, and there was no abuse of trial court's discretion. Moran Utilities Co. v. McHaney, Tex.

Civ.App., 325 S.W.2d 712, 714, writ ref. n. r. e.; J. Weingarten, Inc. v. Azios, Tex. Civ.App., 384 S.W.2d 160, 162, writ ref. n. r. e. These and all other points are overruled.

Reversed and remanded.