NEUHOFF BROTHERS PACKERS, INC.,
Appellant,

v.

Thurman McCAULEY et ux., Appellees.

No. 4585.

Court of Civil Appeals of Texas.

Waco.

Feb. 16, 1967.

Frank J. Scurlock, Dallas, for appellant.

John B. McNamara, Jr., Vernon L. Smith, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Neuhoff from a judgment for plaintiffs McCauley in a nuisance case.

The case was tried on the theory of personal damage to plaintiffs, and no evidence was offered in regard to damage to plaintiffs' property or diminution in value thereof.

The trial court's definition of "nuisance" in its charge, in part was: " * * * a condition brought about by one party in the use of his property, so unusual and excessive that it necessarily causes damage or harm or inconvenience to another party *in the use and enjoyment of his property, substantially, materially and unreasonably interfering with the latter's comfort, and proper use and enjoyment of his property* * * *."

Defendant objected to the charge on the ground that plaintiffs tried the case solely on the theory of personal injury, and that the language italicized above pertains to plaintiffs' real property or diminution in value thereof. The trial court overruled defendant's objection.

The jury found that the operation of the feed lot by defendant was a nuisance as to plaintiffs, and that plaintiffs were damaged $4,000. The trial court entered judgment on the verdict.

Defendant appeals, contending that plaintiffs tried the case on the basis of personal injury only, and that it was error for the trial court to submit the case to the jury

on the basis of damage to plaintiffs' property.

The definition of "nuisance" was subject to defendant's objection that it submitted the element of property damage, whereas the case had been tried solely as one for personal injuries. The trial court should have sustained the objection to the charge. See: Vestal v. Gulf Oil Corp., 149 Tex. 487, 235 S.W.2d 440; Neuhoff Bros. Packers, Inc. v. Brooks, CCA, (n. w. h.) 410 S.W.2d 298.

Reversed and remanded.