Shirley Nesmith ALLEN, Appellant,

v.

Robert E. NESMITH et al., Appellees.

No. 16513.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 24, 1975.

Rehearing Denied Aug. 21, 1975.

Urban, Coolidge, Pennington & Scott, T. J. Sims, Michael D. Stewart, Houston, for appellant.

Jamail & Gano, Joseph D. Jamail, William J. Stradley, Houston, for appellees Walter D. Allen and David Byron Allen.

Hofheinz & Harpold, Lew W. Harpold, Houston, Guardian Ad Litem for appellee Minor Ann Valesca Allen.

John L. Hill, Atty. Gen. of Texas, David Kendall, First Asst. Atty. Gen., J. C. Davis, Scott Garrison, Asst. Attys. Gen., Austin, for appellee University of Houston.

COLEMAN, Chief Justice.

This is an appeal from a judgment denying the petition of appellant, Shirley Nes-

mith Allen, to set aside the probated self-proven will of her deceased mother. The defendants in the trial court, appellees here, moved for judgment at the conclusion of the plaintiff's testimony, and judgment in their favor was granted. The judgment will be reversed and the cause remanded to the trial court.

The trial was to the court without a jury. On its face Mrs. Nesmith's will appears to have been executed in compliance with the provisions of Section 59 of the Probate Code, V.A.T.S., relating to self-proved wills. It had been admitted to probate and the executor had qualified and had entered upon the administration of the estate. The concluding paragraph of Sec. 59, *supra*, provides:

"A self-proved will may be admitted to probate without the testimony of any subscribing witness, but otherwise it shall be treated no differently than a will not self-proved. In particular and without limiting the generality of the foregoing, a self-proved will may be contested, revoked or amended by codicil in exactly the same fashion as a will not self-proved."

Mr. William T. Mixon, II, one of the witnesses to the will in question, was called as a witness by appellant. Mr. Mixon's signature on the will appears below the statement that the testatrix signed the will in his presence and that he signed it in her presence. He also signed the self-proving affidavit which states again that he signed the will in the presence of the testatrix. At the trial he testified that the testatrix was not present at the time he signed the will. The other subscribing witness to the will was deceased at the time of trial. Appellant attempted to introduce the deposition of the notary public who took the acknowledgments to the self-proving affidavit. The trial court sustained an objection to this evidence. At this point the plaintiff, appellant herein, rested. Appellees then moved for judgment. The attorney for the

minor defendant, Ann Valesca Allen, specifically stated that he was not waiving his right to produce testimony in the event the motion for judgment was denied. The trial court sustained the motion and entered judgment denying the petition to set aside the will.

■ By a long line of cases this court has affirmed the proposition that in a non-jury trial, when the plaintiff rests the defendant may move for judgment, and in such event the court must apply to the motion the same rules which would determine the propriety of instructing a jury to return a verdict. Under such a test the court must presume to be true the evidence of the opposite party, who is entitled to the most favorable construction that such evidence will properly bear and to the benefit of all reasonable inferences arising therefrom. *Casey v. Sanborn's, Inc. of Texas,* 478 S.W.2d 234 (Tex.Civ.App.—Houston [1st Dist.], 1972, no writ hist.); *Olshan Lumber Company v. Bullard,* 395 S.W.2d 670 (Tex. Civ.App.—Houston [1st Dist.], 1965, no writ hist.); *Rhinetubes, Inc. v. Norddeutscher Lloyd,* 335 S.W.2d 269 (Tex.Civ.App.— Houston [1st Dist.], 1960, writ ref'd n. r. e.); *Donaldson v. Oak Park Cemetery, Inc.,* 110 S.W.2d 119 (Tex.Civ.App.—Galveston, 1937, no writ hist.); *Lorino v. Crawford Packing Co.,* 169 S.W.2d 235 (Tex.Civ.App.—Galveston, 1943, aff'd 142 Tex. 51, 175 S.W.2d 410); *Higgins v. Mossler Acceptance Co.,* 140 S.W.2d 532 (Tex.Civ.App.—Galveston, 1940, error dism.). This line of cases has been followed by the Austin Court of Civil Appeals in *Burkhardt v. Harris,* 200 S.W.2d 445 (Tex.Civ.App.—Austin, 1947, no writ hist.). No other cases have been called to our attention, nor have we found any, in which this point of law has been considered.

■ The attestation clause in proper form together with the self-proving affidavit was *prima facie* evidence of the validity of the will, even though the attesting witness contradicts the fact stated in the attestation clause. *Wilson v. Paulus,* 15 S.W.2d

571 (Tex.Comm'n App.1929); *Nichols v. Rowan,* 422 S.W.2d 21 (Tex.Civ.App.—San Antonio, 1967, writ ref'd n. r. e.).

◼ The testimony of an attesting witness cannot destroy the *prima facie* case established by the attestation clause, and thereby require the proponents of the will to go forward with evidence to avoid an instructed verdict. *Wilson v. Paulus, supra.* The declarations found in such a clause are competent evidence of the facts stated. *Reese v. Franzheim,* 381 S.W.2d 329 (Tex. Civ.App.—Houston [1st Dist.], 1964, writ ref'd n. r. e.).

◼◼ Whether or not a *prima facie* case is established must be determined from a consideration of the evidence favoring the proponent. The adverse evidence is considered to determine the existence of a fact issue for the trier of facts. *Page v. Lockley,* Tex.Civ.App., 176 S.W.2d 991, rev'd *Lockley v. Page,* 142 Tex. 594, 180 S.W.2d 616 (1944).

◼◼ There is no rule of law which prohibits an attesting witness from contradicting the statements contained in the attestation clause. The testimony of such a witness must be considered by the trier of facts, who alone can determine the credibility of the witness and the weight to be given his testimony.

◼ There is a fact issue as to whether the will in question was signed by the testatrix in the presence of the attesting witnesses as required by the Probate Code. In such a case the trial court would not have been authorized to grant an instructed verdict had the case been tried to a jury. *Morgan v. Morgan,* 519 S.W.2d 276 (Tex. Civ.App.—Austin 1975, writ ref'd n. r. e.).

The evidence does not establish, as a matter of law, that the will was executed with the formalities required by law. The trial court erred in granting appellees' motion for judgment.

Other points are raised by the appellant in her brief, but they will not likely occur on a retrial. We find it unnecessary, therefore, to determine these points.

Reversed and remanded.