*Kennedy,* the regrading after the complaints was a part of the grading process from which there was no right to appeal to the district court.

Williams strongly relies upon *Crain v. Firemen's and Policemen's Civil Service Commission,* 495 S.W.2d 20 (Tex.Civ.App. 1973, writ ref'd n. r. e.) which held that one's grade on a promotional examination is an equitable property right to a place on an eligibility list. We disapprove that holding, because it is inconsistent with the clear language of *Kennedy* that one's rights under the civil service system are statutory only. *Crain,* unlike our present case, was one in which there was no appeal by anyone who considered himself aggrieved about the examination or the subsequent eligibility list. It was for that reason that the court held that the eligibility list became legally established by force of the statute, after the appeal time had elapsed. *Bostick v. Owens,* 423 S.W.2d 471 (Tex.Civ.App.1968, writ ref'd n. r. e.).

The judgments of the courts below are reversed, and the injunction is dissolved. Because the trial court should have sustained petitioner's plea to the jurisdiction, we dismiss the entire cause.

Jamail & Gano, Joseph Jamail and William J. Stradley, Hofheinz & Harpold, Lew W. Harpold, Houston, John L. Hill, Atty. Gen., Scott Garrison, Asst. Atty. Gen., Austin, for petitioners.

Urban, Coolidge, Pennington & Scott, T. J. Sims and Michael D. Stewart, Houston, for respondent.

PER CURIAM.

The trial court's judgment in favor of petitioners was reversed by the court of civil appeals because of the existence of an undetermined material fact issue. 525 S.W.2d 943. The application for writ of error of Robert E. Nesmith, et al., is refused, no reversible error. We note, however, that the court of civil appeals, in the first sentence in paragraph nine of its opinion, inadvertently stated that the existing fact issue is whether the will in question was signed by the testatrix in the presence of the attesting witnesses. Actually, as elsewhere evident in the opinion, the existing fact issue is whether one of the attesting witnesses signed the will in the presence of the testatrix. See 525 S.W.2d 943, 945, and the attestation requirements of Sec. 59, Texas Probate Code, V.A.T.S.

Robert E. NESMITH et al., Petitioners,

v.

Shirley Nesmith ALLEN, Respondent.

No. B–5538.

Supreme Court of Texas.

Nov. 26, 1975.

Donald Wade DUBOSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50606.

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

Rehearing Denied Jan. 14, 1976.

