The STATE of Texas, Appellant,

v.

Lee Scott NELSON, Appellee.

No. A2250.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 13, 1980.

Rehearing Denied March 5, 1980.

John B. Holmes, Dist. Atty., William J. Eggleston, Asst. Dist. Atty., Houston, for appellant.

William C. Reiff, Ray A. Burgess, Reiff & Burgess, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a vehicle forfeiture proceeding. In a trial to the court, a motion for judgment was granted after the State had rested. Judgment was then rendered ordering the State to release the automobile to Lee Scott Nelson, the owner. The State brings this appeal.

Lee Scott Nelson was arrested for possession of one and one-fourth pounds of marijuana found in his vehicle and of seven ounces of methamphetamine, which Nelson had thrown from his car while he was being pursued. Both substances are proscribed under the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Vernon 1976). Pursuant to section 5.03(a)(5) of the Act the State filed an action against Nelson for forfeiture of the vehicle because it was allegedly being used to transport controlled substances for delivery.

When a motion for judgment is granted, the appellate court "must presume to be true the evidence of the opposite party, who is entitled to the most favorable construction that such evidence will properly bear and to the benefit of all reasonable inferences arising therefrom." *Allen v. Nesmith*, 525 S.W.2d 943 (Tex.Civ.App.-Houston [1st Dist.] 1975), *writ ref'd n. r. e. per curiam*, 531 S.W.2d 330 (Tex.Sup.1977).

The State contends that the quantity or value of the contraband drugs involved is sufficient to infer intent to deliver the controlled substances. However, this is not the case. Under the old "Uniform Narcotic Drug Act" all that was required for forfeiture was the mere transportation of contraband in a vehicle by the owner or by someone with the owner's knowledge. *State v. Cherry*, 387 S.W.2d 149 (Tex.Civ.App.-Dallas 1965, no writ); *see Amrani-Khaldi v. State*, 575 S.W.2d 667 (Tex.Civ.App.-Corpus Christi 1978, no writ).

Under the new law, however, a vehicle may be forfeited if it "is used or intended for use to transport for delivery or in any manner facilitate the transportation for delivery of any property described in paragraph (1), (2), or (3) of this subsection . . . and no conveyance shall be subject to forfeiture if the delivery involved is an offer to sell." Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.03(a)(5) (Vernon 1976). Delivery is further defined in section 1.02(8) as "the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance."

Thus, section 5.03(a)(5) provides for the forfeiture of a vehicle only where it was used or intended for use to transport controlled substances for delivery to a third person. The Act specifically excludes the situation where the delivery involved is an offer to sell, in contrast to the general definition of delivery in section 1.02(8). Both parties agree that the *Amrani-Khaldi* case, *supra*, is directly in point to the case at bar. The only evidence in that forfeiture

case was the unusually large quantity of hashish in the defendant's possession at the time of arrest. The *Amrani-Khaldi* court stated that "[i]t could be reasonably inferred from the extremely large amount of the hashish involved that the defendant planned to sell at least part of it at some future date or dates to third parties. But, the transporting of a controlled substance for the purpose of making 'offers to sell' is not, by the express provisions of Section 5.03(a)(5) of the Controlled Substances Act a ground for forfeiture of an automobile." *Amrani-Khaldi v. State, supra* at 671.

Thus, while it may be a reasonable inference that Nelson intended to sell the drugs at some indefinite time in the future, this inference is not sufficient to prove an "actual or constructive delivery" within the meaning of section 5.03(a)(5). There is no other evidence that Nelson was transporting the drugs for delivery to a third person. Under the undisputed facts and stipulations, the State has failed to meet its burden of proof under the statute.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.

Affirmed.