Chester NEYLAND, Appellant,

v.

Benjamin SCHNEIDER, Appellee.

No. 5586.

Court of Civil Appeals of Texas, Eastland.

April 2, 1981.

Larry Haddad, Kelfer & Coatney, San Antonio, for appellant.

John M. Pinckney, III, Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellee.

McCLOUD, Chief Justice.

Chester Neyland sued Benjamin Schneider alleging that the maintenance and use of

a private roadway on defendant's property constitutes a nuisance. When plaintiff rested, the trial court in this nonjury trial, granted defendant's motion for judgment. Plaintiff abandoned his claim for damages, but urges on appeal that the court erred in not granting his requested injunctive relief. Plaintiff seeks to enjoin the use of defendant's road until approximately 1,000 feet of the roadway near plaintiff's house is paved. We affirm.

Plaintiff and defendant are owners of adjacent tracts of rural farm land. Defendant's access road to his home is located on his property alongside the common boundary line he shares with plaintiff. Plaintiff's residence is located 118 feet from the road. Plaintiff and his wife testified that vehicles using the road cause a substantial amount of dust. There is evidence that the dust gets into plaintiff's air-conditioner, refrigerator, television set, beds and food. Mrs. Neyland testified that the dust causes her to have sinus problems and headaches. Also, the dust makes it difficult to have social guests and meals in the yard.

We apply in this nonjury case the same rules which would determine the propriety of instructing a jury to return a verdict. We must presume to be true plaintiff's evidence and discard all contrary evidence and inferences. *Allen v. Nesmith*, 525 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.]), writ ref'd n. r. e. per curiam, 531 S.W.2d 330 (Tex.1975). We must determine whether there is any evidence of probative force to raise fact issues on the material questions presented.

Plaintiff had the burden of producing some evidence that defendant's use of the road was unreasonable. *Vestal v. Gulf Oil Corp.*, 149 Tex. 487, 235 S.W.2d 440 (1951). The court in *Columbian Carbon Co. v. Tholen*, 199 S.W.2d 825 (Tex.Civ.App.—Galveston 1947, writ ref'd) while discussing the elements of a private nuisance stated:

> It was necessary for the jury to find that the condition brought about by the appellant in the use of its property was (1) so unusual and excessive that it necessarily caused injury or damage or harm or inconvenience to appellee in the use and enjoyment of his property, substantially, materially, and unreasonably interfering with the latter's comfort and proper use and enjoyment of his property, taking into consideration the nature and use of the property of both parties and the character of the community in which they are situated; (2) that such condition was substantially offensive, discomforting, and annoying to persons of ordinary sensibilities, tastes, and habits, living in the locality where the premises are situated; (3) to take into consideration the nature and use of the property of both the appellant and the appellee, and the character of the community in which they are situated.

Plaintiff is a road builder who has paved the road leading into his home. There is, however, no other paved private road within three miles of the road in question. Defendant's road has a caliche base and is covered with gravel. The majority of the private roads in this rural area are similar to defendant's road. A public gravel road maintained by the county is located directly across the highway from plaintiff's residence. Defendant is a farmer and also raises hogs and cattle. Plaintiff farms his tract on occasion. Plaintiff testified that defendant's hog operation has increased the number of persons using the road. Plaintiff does not urge that the keeping of the hogs is a nuisance, only that the increased use of the road by prospective buyers or sellers creates the nuisance. Plaintiff's position is that the dust problem results from the volume of use of the roadway each day by defendant, members of his family, and customers. The evidence shows a maximum of fifteen round trips over an eight-hour period. Plaintiff testified that the gooseneck trailers which enter the property in connection with defendant's hog operation create the most dust because the trailers are low to the ground. There is no evidence as to the number of gooseneck trailers that are pulled along the road. Plaintiff stated that at least 1,000 feet of pavement or concrete needed to be laid to alleviate the dust problem.

We hold as a matter of law that defendant's use of the roadway is not unreasonable. The two tracts of land are located in a rural farming area. Defendant's road is not materially different from the many other caliche gravel roads in the community. Buyers and sellers of hogs pulling gooseneck trailers must necessarily on occasion use defendant's road when entering and leaving defendant's property. There is no evidence that an excessive or unusual number of trailers use the road. There is no evidence that the use of the road by defendant or members of his family is unreasonable. Fifteen round trips by vehicles over an eight-hour period, in this rural farming community, does not, as a matter of law, constitute an unreasonable use of the property.

Plaintiff must show more than the existence of an offensive and annoying condition. This was clearly observed in *Angelina Hardwood Lumber Company v. Irwin*, 276 S.W.2d 407 (Tex.Civ.App.—Galveston 1955, no writ) when the court said:

> It is true, as defendant here contends, that there must be two factors present before a nuisance can be found to exist. One factor is the creation or maintenance of a condition by a defendant on his property productive of unreasonable inconvenience or annoyance. But it is not enough for a plaintiff to prove that the use by a defendant of his property causes a condition which is annoying to him in his use and enjoyment of his property, a condition which would be substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes and habits living in the locality where the premises are situated, but a plaintiff must go further. The burden of proof in such case is on the plaintiff to show that the use made by the defendant was not reasonable. So here the burden was on the plaintiff to plead and prove that the use made by defendant of its property was unreasonable. *Vestal v. Gulf Oil Corporation*, 149 Tex. 487, 235 S.W.2d 440.

Plaintiff failed to raise an essential issue of fact. The trial court correctly granted defendant's motion for judgment when plaintiff rested his case.

Judgment of the trial court is affirmed.

RALEIGH BROWN, Justice, dissenting.

I dissent. In this instructed verdict case, I would hold there is sufficient evidence of probative force to raise a fact issue. I would reverse and remand the cause.