Sidney Earl DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 7159.

Court of Appeals of Texas, El Paso.

March 31, 1982.

Bruce J. Ponder, Michael R. Gibson, El Paso, for appellant.

Steve Simmons, Dist. Atty., John P. Calhoun, Asst. Dist. Atty., John P. Bradford, J. Monty Stevens, Asst. Dist. Atty., Wade Adkins, City Atty., Edwardo A. Rodriguez, Asst. City Atty., Police Legal Advisor, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This appeal is from an order for forfeiture of Appellant's 1978 Oldsmobile under the provisions of Section 5.03 of Article 4476–15, Tex.Rev.Civ.Stat. We affirm.

On August 28, 1980, Officer Newkirk of the El Paso Police Department, working as an undercover agent, met the Appellant at a hotel in El Paso and began negotiations for the purchase of a large quantity of cocaine. Appellant advised Officer Newkirk that he only had low-grade cocaine available at that time, but that a better quality could be supplied in a few days. A sample was transferred to the officer at that time. Another meeting was set up by telephone. At this meeting, Appellant was to deliver one-half pound of cocaine, with a possibility of four additional pounds being made available. A purchase price of $37,000.00 per pound was agreed upon.

On September 22, 1980, Appellant met Officer Newkirk at a motel in El Paso. The Appellant told the officer that four pounds of cocaine were available, and that Appellant had already purchased one-half pound which he would sell to Officer Newkirk. There was some discussion and a telephone call concerning the additional four pounds. The Appellant then went downstairs, entered his automobile and removed an object and placed it into his briefcase. He returned to the room, opened the briefcase and gave the officer a plastic bag

of cocaine. The officer tested and weighed the substance and found that it weighed slightly less than one-half pound. As a result, Officer Newkirk agreed to pay Appellant $18,000.00 rather than $18,500.00 for a full one-half pound. Appellant was then placed under arrest.

The Appellant presents two points of error contending that there is no evidence and insufficient evidence to establish that the vehicle was used to transport for delivery a controlled substance because the evidence established the delivery involved was only an offer to sell. We pass upon these points under the tests set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

Section 5.03(a)(5) of the Controlled Substances Act [1] provides that any vehicle that is used to transport for delivery a controlled substance is subject to forfeiture, except that "no vehicle shall be subject to forfeiture if the delivery involved is an offer to sell." Section 1.02 of the Act defines delivery as meaning:

* * * the actual or constructive transfer from one person to another of a controlled substance or drug paraphernalia, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance or drug paraphernalia. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.

The Appellant relies upon two cases which have construed the Act. In *Amrani-Khaldi v. State*, 575 S.W.2d 667 (Tex.Civ. App.—Corpus Christi 1978, no writ), the defendant was arrested with four "bricks" of hashish in his car. The State contended such amount was certainly not for defendant's own personal use and that the court could infer that he transported the hashish for delivery. The court refused to make such an inference because there was no evidence of any third person to whom the

---

1. This statute was amended in the last session of the legislature. See General and Special Laws of Texas, 67th Legislature (1981), Chapter 268, Section 10, page 704; and Chapter 570, Section 5, page 2317.

delivery was to be made. The court noted that transporting a controlled substance for the purpose of making "offers to sell" cannot result in the forfeiture of an automobile and said:

* * * the legislature obviously intended to restrict forfeiture to the singular situation in which the owner of the automobile has a present intent to transfer a controlled substance to a third party pursuant to an existing agreement or understanding.

A similar result was reached in *State v. Nelson*, 596 S.W.2d 225 (Tex.Civ.App.—Houston [14th District] 1980, no writ), where the defendant was arrested for possession of controlled substances, but, again, there was no evidence that the transportation was for delivery to a third person.

In the case at bar there is evidence that the transportation of the cocaine in the automobile was for delivery to a third person in accordance with a prior agreement and upon terms previously agreed upon. The end result was that the amount actually delivered was slightly less, and, therefore, the net payment slightly less than originally agreed. But, the substance delivered and the price per pound was all in accordance with the prior agreement. The terms were not negotiated on the date of sale, and this delivery was not "an offer to sell," but was in fact a delivery pursuant to an existing agreement. The two cases upon which Appellant relies are not controlling. In this case, there was a third party to whom delivery was actually made. Points of Error 1 and 2 are overruled.

The order of the trial court is affirmed.

