Bernie DWORKIN et al., Appellants,

v.

TOWN OF LAKEVIEW, Appellee.

No. 6180.

Court of Civil Appeals of Texas. Beaumont.

July 9, 1959.

Rehearings Denied Sept. 23, 1959.

Fred A. White, Port Arthur, for appellants.

Earl Black, Port Arthur, for appellee.

HIGHTOWER, Justice.

The Town of Lakeview, a municipal corporation, brought suit against Bernie Dworkin and others to permanently enjoin the operation of Port Steel Company, a place of business located on lots 15 and 16, block 30 of said town. From a judgment based upon jury findings adverse to the defendants, they have appealed.

The Town of Lakeview is comparatively small, being an incorporated addition to the City of Port Arthur, Texas. Port Steel Company's premises, approximately in the center of said town, comprise an area of about 130 feet by 700 feet. The business itself is in an area zoned by ordinance as "commercial" but is surrounded by areas zoned "residential". The operations of said business began the middle of September, 1956, and culminated in this lawsuit on the 27th day of May, 1957. The record reflects that prior to the beginning of operations the manager of Port Steel, Mr. Bernie Dworkin, appeared before the Town Council and secured a permit to construct a warehouse thereon and steel mesh or cyclone fence around said premises. A spur track from a mainline railroad nearby was constructed

upon the premises and the operations of reconditioning and salvaging used pipe, structural steel, valves and similar fittings began shortly thereafter. The pipe ranged in size from ½ inch to 30 inches in diameter by 8 to 40 feet in length, some pieces of it weighing as much as 800 lbs. The business had operated a little more than a week before the town council began receiving complaints from neighboring residents concerning the odors, noise and dust occasioned thereby, finally culminating in the aforesaid injunction against the defendants.

The plaintiff alleged, in substance, that the defendants were operating a manufacturing business and a junk yard known as Port Steel Company, and that such operation creates loud noises, dust and dirt; that the noises can be heard for several blocks and disturbs the peace, quiet, health and welfare of all the residents within several blocks of said business. That the second-hand iron and other metal is handled in such a manner as to be most unsightly and offensive to the senses of sight, hearing and smell and affects the health, peace and welfare of those persons living adjacent to or nearby and for several blocks around the said business. It also alleged that the operation of such business was in violation of the town zoning ordinances. The plaintiff also alleged its authority to abate a public nuisance under Article 1015, Vernon's Ann. Civ.Sts., and in such connection it alleged that the operation of Port Steel Company constituted a public nuisance within the meaning of said article, and sought to abate the operation of such business by reason thereof.

The defendants answered by special exceptions and denials, and alleged their business and improvements on the premises to have been placed thereon with the express permission of the governing body of the Town of Lakeview, and that the permit was never cancelled or revoked; that the defendants had expended large sums of money on the strength of such permission in erecting improvements on the premises and had become obligated for large sums of money for future expenditures thereon; that prior to such expenditures and obligations the governing body of said town had been fully advised of the exact nature of the improvements to be placed on the premises and the use and occupancy that they would be put to, and the nature of the company's operation in its entirety; that by reason thereof plaintiff is estopped from complaining of the operations being conducted on the premises.

At the conclusion of all the evidence the plaintiff took a non-suit as to its allegations that Port Steel Company was operating in violation of the town ordinance and submitted its case only on allegations of public nuisance under Article 1015, supra.

The substance of the jury's findings in response to special issues is that the operations of Port Steel Company create odors, noise and dust; that such odors, noise and dust, separately and collectively, (1) spreads to neighboring properties, (2) are offensive and obnoxious to persons of ordinary sensibilities and amounts to an unreasonable use of the premises of the company, (3) materially interferes with the reasonable use and occupancy as a home of the residential properties in the near vicinity of the plant of Port Steel Company by persons of ordinary habits and ordinary tastes and sensibilities, (4) are injurious to the health of the persons residing in the near vicinity of the plant of Port Steel Company.

The foregoing findings of the jury were recited in the court's judgment as established facts. Recitation was also made therein that the operation of Port Steel Company constituted a public nuisance within the meaning of Article 1015 of the Revised Civil Statutes of the State of Texas and that the operation of the said business of Port Steel Company injures and adversely affects the public health and comfort of the citizens and inhabitants of a considerable portion of the Town of Lakeview, and that the plaintiff is entitled to a permanent injunction abating the nuisance arising from Port Steel Company. The two parts

of the order proper of the court's judgment read: (1) "* * * permanently enjoined and restrained from further unloading, handling, moving, cleaning, cutting, burning, reconditioning pipe or other structural steel upon the premises * * *," (2) "or from further continuing the operation of any business upon the said premises which emits noise, fumes, dust, odors, or gases, which spread to and affect the health, peace, and welfare of those using adjacent and nearby properties for residential purposes."

The defendants' amended motion for new trial contained 198 assignments of error. As appellants here, they have grouped 93 of such assignments under 18 points of error. In deference to brevity, we must attempt to state the substance of the appellants' contentions without setting forth the voluminous points of error.

First, we find no error in the court's failure to include in its charge to the jury a definition of "nuisance" as tendered by the appellants. As above noted, the jury made specific findings as to the results of the operation of the appellants' business. These findings, supported by the evidence hereinafter discussed, formed a sufficient basis for the court's judgment that the operation of Port Steel Company constituted a public nuisance as thus defined:

> "The doing of or the failure to do something that injuriously affects the safety, health, or morals of the public, or work some substantial annoyance, inconvenience or injury to the public, and as a nuisance which causes hurt, inconvenience or damage to the public generally, or such part of the public as necessarily comes in contact with it."

39 Am.Jur. 285; King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636, and cases cited. It was only necessary for the jury to determine what facts existed. Whether such facts constituted a nuisance was not improperly reserved as a question of law for the trial judge's determination. Brewster v. City of Forney, Tex.Com.App., 223 S.W. 175, 177.

By the same reasoning, it was not error for the court to refuse the submission of the appellants' requested issues as to whether the alleged odors, noise, or dust "constitutes a nuisance at the *present* time as defined in this charge?" In connection with the latter part of the requested issue regarding "present time", we have observed that the issues which the court did submit were framed in the present tense and that the jury's answers, fully supported by the evidence, were framed likewise. For such reason we see no merit in this part of the appellants' contentions.

Among other contentions hereinafter discussed, the appellants attack the first part of the court's order enjoining them from continuing operations as having no support in the jury findings or the evidence: (a) that such acts constitute a nuisance or (b) that such operations could not be carried on without occasioning the results found by the jury to exist; and (c) of any specific acts creating noise, odors or dust which interfere with the nearby residents or neighborhood. They say the court erred in enjoining them from operating under a valid permit from the town council which has never been revoked, and because the plaintiff had an adequate remedy at law. They also contend that the order is too broad as enjoining the operations even though the same be conducted in a lawful manner as not to create the results found by the jury and such as would constitute a nuisance.

In connection with the contentions made by appellants as to the lack of jury findings to support the court's order, we again refer to the case of Brewster v. City of Forney, supra, and here as in that case we believe the findings of the jury sufficient to support the court's order, if such order be otherwise proper. It is there stated, "We have not lost sight of the answer of the jury * * * to the effect that they did not believe the construction and operation of the plant constituted a nuisance. That question was immaterial, because answers to the preceding questions would have been, as they proved to be, all-sufficient as a basis

for judicial action." Similarly, we hold that any answers additional to those made by the jury in the present case would have been immaterial and unnecessary as a basis for the court's order, it being otherwise correct.

While there seems little reason to doubt that the effect of the operation of the appellants' business constitutes a nuisance to the residents of the Town of Lakeview immediately adjacent to the appellants' business, we are somewhat more concerned with the matter of whether such nuisance is of a public nature. Bearing in mind that the appellants only contend that there is no evidence to support the court's order, we have searched the statement of facts of more than 400 pages and exhibits (with no assistance from the appellee) in order to determine if there is any evidence of a probative nature to support the order of the trial court. We have concluded there is. King v. King, 150 Tex. 662, 244 S.W.2d 660; Robertson v. Robertson, Tex., 323 S. W.2d 938.

As stated in an earlier part of this opinion, Port Steel Company occupies a rectangular area of about 130 feet by 700 feet running generally southwest by northeast in a commercial zone. Contiguous to its northwest boundaries are the homes of several people who were witnesses of the appellee in the trial of the case. To the southeast of the Port Steel Company premises, but separated therefrom by an 80 foot commercially zoned strip of land, lie the homes of several other witnesses of the appellee. These homes, as the others, are also zoned as residential. The 80 foot commercial zone we have mentioned as lying between these homes and the appellants' premises appears to extend for a considerable distance beyond the extreme ends of appellants' premises. It is occupied by several structures of a commercial nature, including one mainline railroad, one siding track, and a spur track, a part of which extends from the mainline into the appellants' premises for a considerable distance. All of these witnesses testified extensively to the effect that Port Steel's operations consisted of hauling in, by gondola cars, used pipe and structural steel of the dimensions and weight heretofore noted from various oil refineries of Jefferson County; that the unloading of the gondola cars by electric magnet cranes and sling-type diesel cranes was accomplished and accompanied by nerve shattering noises. They testified that much of the material was delivered to the premises encased in crumbly, powdery asbestos insulation which disintegrated into disagreeable dust and was carried by the winds into the homes and yards of such residents; that the material was salvaged and reconditioned on the premises by the use of acetylene and propane burning torches which created unpleasant odors and gases. They testified to the effect of the obnoxious noises, odors and dust resulting generally from these operations and they testified specifically as to the soot and asbestos dust or powder occasioned by the operations, and the damaging effect of such matter to their homes, comfort and persons. Other witnesses not residents of the immediate neighborhood also described the unusual dust resulting from the operations.

Briefly, the record is replete with testimony of the annoying and damaging effects of the appellants' operations to members of the public residing in the near vicinity thereof. Public thoroughfares of residential zones adjoin or surround the premises completely. We believe that if there is any evidence, or a reasonable inference therefrom, that a substantial number of the public using these streets and thoroughfares necessarily come in contact with one or more of the results of Port Steel's operations as found by the jury to the extent that they are affected within the meaning of the definition of public nuisance, supra, that such evidence, together with that pertaining to the nearby residents, sufficiently supports the court's judgment. Suffice it to say there is some such evidence. Most of the evidence in the record reasonably indicates that the methods of appellants' operations are necessary to their

particular type of business and would continue to be so in the future. We therefore overrule the appellants' contentions.

We find no merit in appellants' argument to the effect that the appellee was estopped in its action by theretofore having granted appellants a permit to operate by provision of the town ordinance. Disregarding the fact of appellants' non-suit as to its authority under its ordinances to enjoin the appellants' operations, the evidence is by no means conclusive that they did have such permit. The only conclusive evidence, as reflected by the official minutes of the Town Council, is that the appellants were granted a permit to construct a warehouse and a fence on their premises as aforesaid. True, Mr. Dworkin testified that he had been given verbal permission to operate the business as has been done since its inception, but his statements are contradicted by other evidence in the record, including that of Mr. J. M. Jones, Jr., City Alderman. In this same connection the appellants point to a provision of appellee's ordinances providing for a fine not to exceed $100 each day for a violation thereof, and say that the same applies to them in favor of the appellee should they conduct their operations in violation thereof. They therefore contend that such penalty provides appellee with an adequate remedy at law obviating its right or necessity to an injunction. We cannot agree. Although we believe the appellee to have effectively deprived the appellants of such contention by taking a non-suit with regard to its alleged authority to abate or regulate appellants' operations under the town's ordinances, had it not done so, the assessment of such penalty would not in any manner compensate those members of the public in the near vicinity of Port Steel Company for the discomforts suffered by reason of the operation thereof. The appellee could not estop itself from its duty to protect its members and their property when called upon by them simply by reason of the aforesaid penalty provision.

As to the contentions that the first part of the court's order is too broad, it is inescapably inferred from the evidence that the operations enjoined of unloading, handling, moving, cleaning, cutting, and burning are essential steps in the appellants' business of reconditioning pipe and structural steel. The evidence forcefully supports the trial court's obvious conclusion to the effect that appellants' customary manner of performing such operations are necessary in such business, and consequently its judgment that such a business must be abated entirely in order to afford relief to those members of the public affected thereby.

The second part of the court's order enjoining the appellants from continuing the operation of *"any business* upon the premises which emits noise, fumes, dust, odors, or gases * * *"* is erroneous as it assumes that any other business would be a nuisance as a matter of law. Whether any other business should be a nuisance in fact or law .is a matter to be determined when the time may arise by independent suit if such be necessary. Iford v. Nickel, Tex.Civ.App., 1 S.W.2d 751; Robinson v. Dale, 62 Tex.Civ.App. 277, 131 S.W. 308.

The appellants' several other contentions are that the court committed reversible error by, (A) failing to limit the issues as to whether or not the odors, noise, and dust were injurious to persons residing in the near vicinity of Port Steel Company, (B) failing to instruct the jury that they could take into consideration that the operation of the business was lawful, the nature of the operation, location of the property, the right to operate in a commercial zone under the ordinances and the character of the community in which the business was located, (C) refusing in evidence certified copies of deeds showing the consideration for the sale of four lots in close proximity to their business since the beginning of operations, (D) by failing to relegate those injured by the operation of the business

to their actions for damages only, such being an adequate remedy.

We are at loss for an understanding for the reason of the first of these last contentions, as the court clearly inquired, in each issue submitted, of the effects of the appellants' operations on the persons residing in its near vicinity, for example,

"Special Issue No. 9

"Do you find from a preponderance of the evidence that such noise, if any, materially interferes with the reasonable use and occupancy as a home of the residential property in the near vicinity of the plant of Port Steel Company by persons of ordinary habits and ordinary tastes and sensibilities?"

"Special Issue No. 10

"Do you find from a preponderance of the evidence that such noise, if any, is injurious to the health of the persons residing in the near vicinity of the plant of Port Steel Company?"

■ We cannot see where harm has befallen appellants by the court's failure to instruct the jury as to the lawfulness of the business. The case was not tried on the theory that it was a nuisance per se, and there is nothing in the record which indicates that any member of the jury could have entertained a contrary opinion. Even had such an instruction been proper, it is not conceivable that it would have changed the results of the lawsuit. The record reflects that in the examination of the many witnesses and by the display and submission in evidence of various maps, plats and photographs the jury was fully informed of the nature and location of appellants' operations, and we, therefore, see no harm in the court's failure to instruct the jury on their right to consider such information. They were not instructed to the contrary and they no doubt considered all of these matters.

■ Insofar as the court's refusal of the evidence showing the consideration for the sale of the four lots above alluded to,

we think the action was proper. This was not a suit for damages because of the devaluation of residents' properties adjacent to Port Steel Company, and such evidence could have no bearing on the question of whether such residents or other members of the public would in fact suffer the discomforts alleged.

The appellants place particular emphasis on the Supreme Court's holding in Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615, and cases of similar import, holding a suit for damages to be an adequate and proper remedy for injured residents adjacent to a place of business, the operation of which occasioned such injuries. Some such cases refer to such procedure as a balancing of the equities existing between the parties.

The appellants have presented us with a most able and exhaustive brief, containing more than 50 authorities alleged to support their contentions. It would unduly lengthen this opinion for us to attempt to distinguish each of such authorities from the case before us. As an example, however, Storey v. Central Hide & Rendering Co. and most if not all of the decisions dealing with the appellants' last contention were suits having to do with the abatement of private nuisances rather than public ones. In such instances the great weight of authority is to the effect that the court should hear evidence regarding the equities of the parties and if great damage or inconvenience should result to the owners by permanently enjoining the operations of a plant or business as compared to relatively slight damage or inconvenience to those seeking to abate the business, then equity and justice require the confinement of such actions to suits for damages. Often, as in the Storey case, when it is established that the public will suffer the loss of great benefits afforded by the business sought to be abated the injunctive relief will be denied in favor of an action for damages. Such situations do not confront us here. The appellants did not seek relief of such nature in the

trial court. Rather they tried their case on the theory that the operation of their business was damaging to no one. Moreover, there is no showing here that appellants' business was in any manner beneficial to the citizens of the Town of Lakeview. Also, as we have heretofore stated, there is evidence of a probative nature in the record to support the judgment that the appellants' business is a public rather than a private nuisance.

In accordance with our foregoing conclusions, the judgment of the trial court is modified to the extent that there be omitted therefrom the portion thereof enjoining the appellants from further continuing the operation of any business upon the premises of the appellants which emits noise, fumes, dust, odors or gases, which spread to and affect the health, peace, and welfare of those using adjacent and nearby properties for residential purposes. As so modified, the judgment of the trial court is affirmed.