**LAMESA COOPERATIVE GIN, Appellant,**

v.

**Early PELTIER, Appellee.**

No. 3603.

Court of Civil Appeals of Texas.

Eastland.

Jan. 27, 1961.

Rehearing Denied Feb. 17, 1961.

R. Stansell Clement, Lamesa, Treadaway & Blumrosen, Lubbock, for appellant.

Karl Coyton, Lamesa, for appellee.

GRISSOM, Chief Justice.

Lamesa Cooperative Gin had two cotton gins in Lamesa. For the purpose of moving

its ginning operations to a new location, it bought a 40 acre tract of land, which adjoins a 10 acre tract owned and occupied by Early Peltier and family as a home, and started to build two gins there, the closer of which would have been between 650 and 700 feet from Peltier's house. Peltier obtained a permanent injunction prohibiting erection and operation of said gins at said place. The gin company has appealed.

Plaintiff alleged and a jury found, in effect, that operation of gins at the proposed site would produce loud noises that would substantially injure plaintiff and his family in the reasonable and comfortable enjoyment of their home; that such noises would be substantially offensive to the senses of plaintiff and his family and render their enjoyment of life and property substantially uncomfortable; that bright floodlights would be used which would shine on plaintiff's premises and substantially injure plaintiff and his family in the reasonable and comfortable enjoyment of their home and be substantially offensive to the senses of plaintiff and his family and render enjoyment of life and property substantially uncomfortable; that the proposed gins would produce dust which would be deposited on plaintiff's property in and around his home and be substantially offensive to the senses of plaintiff and his family and render enjoyment of life and property substantially uncomfortable and create an unhealthy condition for plaintiff and his family and substantially injure them in the reasonable and comfortable enjoyment of their home; that cotton lint would be deposited on plaintiff's property and be substantially offensive to the senses of plaintiff and his family and render enjoyment of life and property substantially uncomfortable; that it would injure plaintiff and his family in the reasonable and comfortable enjoyment of their home; that many vehicles would operate around the gin in close proximity to plaintiff's home; that they would make loud noises; that the noises would be substantially offensive to the senses of plaintiff and his family and render enjoyment of life and

home substantially uncomfortable; that such noises would substantially injure plaintiff and his family in the comfortable enjoyment of their home; that the gins would burn cotton burrs and other refuse which would cause smoke to be carried onto plaintiff's property and into his home; that such odors would substantially injure plaintiff and his family in the reasonable and comfortable enjoyment of their home and be substantially offensive to the senses of plaintiff and his family and render enjoyment of life and home substantially uncomfortable and that operation of defendant's gins at the proposed site would cause substantial depreciation in the market value of plaintiff's home. The jury further found that the gins would be operated so that they would substantially, materially and "unreasonably" interfere with plaintiff's comfortable and proper use and enjoyment of his home.

The judgment recites that plaintiffs having moved for judgment, the court made such additional "findings as were authorized by law" and was of the opinion that defendant should be enjoined from constructing and operating gins at said location: that the gin, "in the manner * * * in which it is to be operated will be a nuisance to the plaintiff in the reasonable enjoyment and use of his property."

Appellant presents many points to the effect that the court erred in overruling the gin company's motion for judgment and in granting the injunction because the verdict does not support a finding by the court that a nuisance would be created by operation of its gins for the reason that there are no jury findings that the proposed use of defendant's property (1) is unreasonable; (2) will materially interfere with the reasonable use and occupancy of the plaintiff's property by persons of "ordinary" health, tastes and sensibilities; (3) that defendant's land was not properly situated for operation of cotton gins; (4) that damage is imminent and certain to occur; (5) that the gin could not be controlled so that it would not injure plaintiff or his property and (6) that

the noise would be of such character that it would produce actual physical discomfort and annoyance to persons of ordinary sensibilities.

■ The lack of such findings was urged by appellant as a ground for its motion for an instructed verdict and is now presented for a reversal of the judgment. Appellant contends that without such findings the court could not conclude, as it did, that operation of its gins so close to plaintiff's home would be a nuisance and, therefore, the court erred in enjoining construction of its gins at said place. Appellee answers that the jury findings are conclusive of the proposition that the proposed use of defendant's premises under the circumstances was unreasonable and a nuisance. In connection therewith he quotes from 39 Am.Jur. 341, Section 59, as follows:

"A reasonable use of one's property can never be construed to include those uses which produce noxious smells and result in a material injury to the comfort of the owner of adjacent property and his family. Thus, a business, although in itself lawful, which impregnates the atmosphere with disagreeable or offensive odors or stenches may become a nuisance to those occupying adjacent property, in case it is so near, and the atmosphere is contaminated to such an extent, as substantially to impair the comfort or enjoyment of such adjacent occupants."

We agree with appellee's contention that the jury's finding required the conclusion that the proposed use of defendant's property was unreasonable and a nuisance. Under the circumstances, we think the facts found by the jury are sufficient to support the judgment. We conclude that from the jury's findings of specific facts it follows as a matter of law that the proposed use of defendant's property is unreasonable and that the operation of gins at said place would be a nuisance. There was evidence that Peltier and his family bought and moved on the 10 acres where they now reside about 10 years before the gin company acquired the adjoining land and started to build two gins thereon; that they have a very nice home, a story and one-half house made of wood, white with a green roof, with a greenhouse, where they are, among other things, engaged in business as florist and nurseryman; the house has three bedrooms, all of which are on the side next to where the gins would be built; the family consists of Mr. and Mrs. Peltier, one son and two daughters, all constantly living at home except the son who is in college.

In Brewster v. City of Forney, Tex.Com. App., 223 S.W. 175, which was a damage suit based on the operation of a sewer system, a jury found that the branch in question was a natural waterway; that sewage collected near plaintiff's home and produced offensive odors; that the stagnant water there attracted flies and that such conditions made plaintiff's home undesirable as a residence and less valuable. The question presented was whether the findings authorized the court to conclude that the sewer was a nuisance. The Commission held that they did. In Dworkin v. Town of Lakeview, Tex.Civ.App., 327 S.W.2d 351, a jury found, in effect, that the defendant in conducting a junk yard created odors, noises, dust, etc., which spread over the adjoining neighborhood and were offensive and materially interfered with the reasonable use and occupancy of nearby homes and were injurious to the health of persons residing in the vicinity. The court did not submit an issue inquiring whether the business as operated was a nuisance. The court held it was only necessary for the jury to determine the facts from which the court might conclude as a matter of law that they did, or did not, constitute a nuisance. The court held that the findings of fact constituted a sufficient basis for the court's conclusion that defendant's operation constituted a nuisance. It cited Brewster v. City of Forney, supra, and King v. Columbian Carbon Company, 5 Cir., 152 F.2d 636.

**616**

We conclude that the jury's findings in the instant case showed that erection and operation of defendant's gins at the proposed site adjoining plaintiff's home was unreasonable and constituted a nuisance as a matter of law. We do not agree with defendant's contention that it was essential as a basis for the judgment that plaintiff obtain specific jury findings that the proposed use is unreasonable and a nuisance. The case of Vestal v. Gulf Oil Corp., 149 Tex. 487, 235 S.W.2d 440, relied on by appellant, is, we think, in accord with our conclusion. That was a suit for permanent damage to realty. The only matter decided that might be pertinent here is that an issue was submitted inquiring whether the handling of gasoline, etc., by defendant was a reasonable use of defendant's premises and the Supreme Court held the trial court erred in placing the burden of proof on the defendant.

The record shows that Peltier's home is northeast of the proposed gin sites and in line with the prevailing winds that blow in that section of the country during the cotton ginning season. The facts found by the jury show that defendant's proposed use of its property would cause loud noises, glaring lights, dust, odors, smoke and cotton lint to come into plaintiff's home and substantially, materially and "unreasonably" interfere with plaintiff and his family in the proper use and enjoyment of their home, resulting in a substantial depreciation in its market value. This was certainly a finding to the effect that the proposed use of defendant's property was unreasonable. See 66 C.J.S. Nuisances §§ 13, 56, pp. 757, 807; 31 Tex.Jur. 434; 39 Am. Jur. 341, 408.

Appellant complains because the issues inquiring about the effect the dust, etc., would have on plaintiff did not inquire as to the effect they would have on persons of "ordinary" sensibilities. It points out no evidence that plaintiff and his family were not such persons. It should be presumed they are. Roukovina v. Island Farm Creamery Co., 160 Minn. 335, 200 N.W.

350, 38 A.L.R. 1502. Appellant presents many points to the effect that the jury findings do not support a conclusion that the proposed use would be unreasonable, or constitute a nuisance. We are of the opinion that said findings of fact are adequate and support the judgment.

We have considered all points. We conclude that reversible error is not shown. The judgment is affirmed.