O. B. CRUMPLER et ux., Appellants,

v.

BAY PETROLEUM CORPORATION et al., Appellees.

No. 7460.

Court of Civil Appeals of Texas.

Texarkana.

April 2, 1963.

798

Ned A. Whitt, Cain & Cain, Liberty, for appellants.

Ralph S. Carrigan, Baker, Botts, Shepherd & Coates, Houston, for appellees.

DAVIS, Justice.

The opinion handed down on March 5, 1963, is withdrawn and the following is substituted in lieu thereof.

Plaintiffs-appellants, O. B. Crumpler and wife, Gladys Crumpler, sued defendant-appellee, Tennessee Gas Transmission Corporation and several others. Appellee, Tennessee Gas, stipulated that, regardless of the exact ownership of the land or the varying corporate structure of its subsidiaries, and for the purpose of this action, the defendant-appellee might be considered to be Tennessee Gas Transmission Company. Appellants were seeking to perpetually enjoin and restrain appellee from permitting noxious odors and gases to escape from their premises onto appellants' premises, and for damages sustained by appellants to their persons and property. In the alternative, they prayed that appellee be compelled to correct the nuisance created by its operation.

In a trial before a jury, it made the following findings in response to Special Issues submitted:

"SPECIAL ISSUE NO. 1.

"Do you find from a preponderance of the evidence, that gases, odors, fumes or stenches escaping solely from the operations of the defendant, Tennessee Gas Transmission Corporation, have, in substantial quantities, *been carried by the wind* onto the property of the plaintiffs, O. B. Crumpler?  (Emp. added).

"Answer 'Yes' or 'No'.

"ANSWER: No.

\*    \*    \*    \*    \*    \*

"SPECIAL ISSUE NO. 6.

"Do you find from a preponderance of the evidence, that the gases, odors, fumes, or stenches, if any, escaping solely from the operations of the defendant, Tennessee Gas Transmission Corporation, naturally and proximately caused injury and damages to plaintiffs' real estate and building in such a manner as to cause substantial depreciation in the value thereof?

"Answer 'Yes' or 'No'.

"ANSWER: Yes.

"SPECIAL ISSUE NO. 7.

"What do you find from a preponderance of the evidence, is the depreciation in the reasonable market value of plaintiff's property, if any, caused by gases, odors, fumes, or stenches escaping solely from the operations of the defendant, Tennessee Gas Transmission Corporation?

"Answer by stating the amount in dollars and cents, if any.

"ANSWER: $5,500.00

"SPECIAL ISSUE NO. 8.

"What do you find from a preponderance of the evidence, to be the reasonable value of the home house of plaintiffs to them, after it was moved to its present location and before any additional improvements had been made thereupon?

"Answer by stating the amount in dollars and cents, if any.

"ANSWER: '$3,000.00

"SPECIAL ISSUE NO. 9.

"Do you find from a preponderance of the evidence, that the gases, odors, fumes, or stenches, if any, escaping solely from the operations of the defendant, Tennessee Gas Transmission Corporation, naturally and proximately caused material personal discomfort and impairment of health to the plaintiffs from the time such condition, if any, began to the date of this trial?

"Answer 'Yes' or 'No'.

"ANSWER: No.

\*    \*    \*    \*    \*    \*

"SPECIAL ISSUE NO. 11.

"Do you find from a preponderance of the evidence, that a reasonable person of ordinary sensibilities, tastes and habits living in the locality in question, would have moved his house from the locality in question solely because of the *condition of nuisance,* if any you have found? (Emphasis added)

"Answer: 'Yes' or 'No'.

"ANSWER: Yes.

"SPECIAL ISSUE NO. 12.

"Do you find from a preponderance of the evidence, that the *condition of nuisance,* if any you have found, was the proximate cause of any damage to plaintiffs' house in question?  (Emphasis added).

"Answer 'Yes' or 'No.'

"ANSWER: No.

"SPECIAL ISSUE NO. 13.

"What do you find from a preponderance of the evidence, is the difference, if any, caused solely by the condition of nuisance, if any you have found, between the reasonable market value of plaintiffs' house immediately before the *condition of nuisance,* if any, began and the reasonable market value of plaintiffs' house at its present location, but not considering any improvements made to said house at its present location? (Emphasis added).

"Answer in dollars and cents, if any.

"ANSWER: $10,000.00

"SPECIAL ISSUE NO. 14.

"Do you find from a preponderance of the evidence that the gases, odors, fumes, or stenches of which the plaintiffs complained after September, 1956, were not caused solely by industrial and petroleum installations other than that of Tennessee Gas or its subsidiaries?

"Answer: 'They were caused solely by industrial and petroleum installations other than Tennessee Gas',

or

" 'They were not caused solely by industrial and petroleum installations other than Tennessee Gas.'

"ANSWER: *They were not caused solely by industrial and petroleum installation other than Tennessee Gas."*

Appellants have perfected their appeal and bring forward two points of error. By their point One, they complain of the action of the trial court in failing to disregard the answer of the jury to Issue No. 1, and to enter judgment in their favor. By their point 2, they take the position that the answers of the jury to the special issues are in irreconcilable conflict. They base their contention on point one upon the following authorities: Brewster v. City of Forney, (Tex.Com.App.), 223 S.W. 175; Gulf Oil Corporation v. Vestal, 231 S.W.2d 523, aff'd, 149 Tex. 487, 235 S.W.2d 440; Dworkin v. Town of Lakeview, (Tex.Civ.App.), 327 S.W.2d 351, W/R., N.R.E.; Lamesa Cooperative Gin v. Peltier, (Tex.Civ.App.) 342 S.W.2d 613, W/R., N.R.E., and 31 T.J. 419, Sec. 9. The authorities are not in point. Point One is overruled.

■ The answers of the jury are in irreconcilable conflict. By Special Issue One the jury found that gases, odors, fumes or stenches had not been carried by the wind onto the property of the plaintiffs in substantial quantities. In answer to Special Issue No. Six, the jury found that gas, fumes, odors or stenches had naturally and proximately caused injury to plaintiffs' real estate and buildings. In answer to Special Issue No. Eleven, the jury found that persons of ordinary sensibility, taste and habits living in the locality in question would have moved their house from the locality. In answer to Special Issue No. Fourteen, the jury found that the gases, odors, fumes or stenches were not caused solely by industrial and petroleum installations other than those of appellee. The jury also found that the gases, odors, fumes or stenches had caused injuries and damages to the real estate and buildings to the extent of $15,500.00.

■ The gases, odors, fumes or stenches had to be in substantial quantities upon appellants' property to do the damages and cause the injuries as found by the jury. There is an irreconcilable conflict between the jury findings to Special Issue No. 1 and the other Special Issues. If the trial court should follow the answer of the jury to Special Issue No. 1 and disregard the other jury findings, he must enter a judgment for the appellee. If the trial court should disregard the finding of the jury to Special Issue No. 1 and follow the answers of the jury to the other Special Issues he would have to enter a judgment for the appellants for $15,500.00. There is no way for the trial court to enter a judgment without disregarding certain fact issues that were found by the jury in favor of both the ap-

pellants and the appellee. For this reason, it becomes the duty of this court to reverse the judgment of the trial court and remand the cause for a new trial. 41B T.J. 794, Sec. 580; Speers Special Issues, Secs. 431 and 434; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Fort Worth & Denver Railway Company v. Britton, (Tex.Civ.App.) 310 S.W.2d 654, W/R., N.R.E.; 89 C.J.S. Trial § 562, p. 323. Point 2 is sustained.

 The Special Issues were not properly submitted. There should have been an issue submitted as to whether or not the appellee permitted gases, odors, fumes and/or stenches to escape from its industrial and petroleum installations. In some of the Special Issues, the trial court referred to the word "nuisance" as an issue of fact. This is improper. It is the doing, or not doing, the things that constitutes a nuisance. The jury must make findings of fact that constitute a nuisance. A nuisance is a question of law. In Lamesa Cooperative Gin v. Peltier, (Tex.Civ.App.), 342 S.W.2d 613, W/R., N.R.E., the court held:

"* * * The court did not submit an issue inquiring whether the business as operated was a nuisance. The court held it was only necessary for the jury to determine the facts from which the court might conclude as a matter of law that they did, or did not, constitute a nuisance. The court held that the findings of fact constituted a sufficient basis for the court's conclusion that defendant's operation constituted a nuisance."

See authorities cited therein.

Much has been written on the question of nuisance. The following authorities seem to be in point to the case at bar: King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636; Burditt v. Swenson, 17 Tex. 489; Bowie Sewerage Co. v. Chandler (Tex.Civ.App.) 138 S.W.2d 585, err. dism'd, judg. cor.; Brewster v. City of Forney (Tex.Com.App.) 223 S.W. 175; 31 Tex.Juris. 462, Sec. 46; 66 C.J.S. Nuisances § 9a(2) and

2b, p. 747; 39 Am.Juris. 340 and 341, Secs. 58, 59; 39 Am.Juris. 408, Sec. 145; 66 C.J.S. Nuisances § 82, pp. 837, 838; 66 C.J.S. Nuisances § 170, p. 974.

Upon another trial, there should be appropriate special issues submitted conforming to the pleadings and evidence in the case. The judgment of the trial court is reversed and the cause is remanded. The appellants and the appellee will have 15 days from the date hereof to file a motion for rehearing.

CHADICK, C. J., was legally disqualified and did not participate.