Opinion filed December 12, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00125-CV

_____

## PHILIP ALAN GREEN AND JONATHAN ZACKHERY WILKS, Appellants

## V.

## CENTURY OAK WIND PROJECT, LLC; ENGIE NORTH AMERICA, INC.; AND BLATTNER ENERGY, LLC, Appellees

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 22454**

### M E M O R A N D U M   O P I N I O N

Appellants Philip Alan Green and Jonathan Zackhery Wilks challenge the trial court's dismissal of their nuisance suit against Appellees Century Oak Wind Project, LLC, Engie North America, Inc., and Blattner Energy, LLC, pursuant to Rule 91a of the Texas Rules of Civil Procedure. In one issue with multiple subparts,

Appellants argue that "the trial court erred in dismissing with prejudice Appellants' nuisance lawsuit, which [pleaded] facts indicating: (1) private intentional nuisance; (2) private negligent nuisance; and (3) public nuisance claims."

This is not the first appeal that this court has addressed with regard to the effect of windfarms on the owners of neighboring properties and whether the presence of such windfarms constitute a nuisance. "We do not minimize the impact of [a] wind farm by characterizing it as an emotional reaction. Unobstructed sunsets, panoramic landscapes, and starlit skies have inspired countless artists and authors and have brought great pleasure to those fortunate enough to live in scenic rural settings. The loss of this view has undoubtedly impacted Plaintiffs. A landowner's view, however, is largely defined by what his neighbors are utilizing their property for." *Rankin v. FPL Energy, LLC*, 266 S.W.3d 506, 512 (Tex. App.—Eastland 2008, pet. denied).

We affirm in part, and we reverse and remand in part.

*Factual and Procedural History*

Appellants' live pleading before the trial court, their first amended petition, sought a permanent injunction and monetary damages for what it alleged were public and private nuisances caused by Appellees. Appellants pointed to Appellees' developing wind turbine project, claiming that it will produce (1) a "daytime visible nuisance" because they are painted white, stand over 500 feet high, and will produce "flickering shadows" as the blades pass through the sun's rays; (2) a "nighttime visual nuisance" caused by the Federal Aviation Administration-mandated flashing red lights; (3) "constant audible nuisance" from the turbines' blades and internal mechanical equipment; (4) "constant tactile/vibrating nuisance" caused by low-frequency noise and vibration; and (5) a "nuisance effecting and destroying wildlife" by killing bats and migratory birds and displacing wild game for hunting.

2

Appellants' first amended petition described the project as including over forty wind turbines that "stretch[] for miles across open terrain, hillsides, roadways, and residential property in Callahan County." The wind turbines will be as close as "a few hundred yards" to Green's property and "less than two miles" from Wilks's property. Importantly, neither Appellant pleads nor includes in attached declarations that a residence exists on their properties adjoining the windfarm.[1]

Appellants attached their own unsworn declarations as well as those of four unrelated property owners who recounted the effects caused by other wind turbines that have been erected near their own properties.

Appellees filed a motion to dismiss based on Appellants' pleadings pursuant to Rule 91a of the Texas Rules of Civil Procedure. Appellees asserted that Appellants "[did] not . . . allege that the Century Oak Project's location or design violates any applicable zoning regulation, setback requirement, or any other state or federal law restricting where wind turbines can permissibly be constructed." Appellees argued that Appellants' petition contained impermissible aesthetic or view-blocking complaints and failed to plead facts to support the culpable mental states for a private nuisance or facts to support a common nuisance claim.

Appellants responded to Appellees' motion but did not amend their pleadings.[2] The trial court granted Appellees' motion and dismissed Appellants' suit in its entirety with prejudice but did not provide its basis for doing so. This appeal followed.

---

[1]In Green's unsworn declaration, he stated that the project will prevent him from building a home on the property, indicating that he does not currently reside there. In Wilks's unsworn declaration, he stated that his property is used for "hunting, livestock, and farming," and makes no mention of residing on the property.

[2]Appellants complain that the trial court failed to provide them an opportunity to amend their pleading if it found that they failed to plead sufficient facts to support their claims. In light of our resolution of the issues, we need not address this specific complaint. *See* TEX. R. APP. P. 47.1.

*Applicable Law & Standard of Review*

A.  *Private Nuisance*

The Texas Supreme Court clarified the law on private nuisance in *Crosstex North Texas Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 588 (Tex. 2016). In *Crosstex*, the court discounted "nuisance" as a separate cause of action in Texas, stating that the term only refers to a "particular type of *legal injury* that can support a claim or cause of action seeking legal relief." *Id.* at 594–95 ("[T]he term 'nuisance' . . . [refers] . . . only to the legal injury—the interference with the use and enjoyment of property—that may result from the wrongful act and result in the compensable damages."); *see Enterprise Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 300 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also Bolton v. Fisher*, 528 S.W.3d 770, 778 (Tex. App.—Texarkana 2017, pet. denied) (dismissal of pleaded nuisance claims); *Amini v. Spicewood Springs Animal Hosp., LLC*, No. 03-18-00272-CV, 2019 WL 5793115, at *10 (Tex. App.—Austin 2019, no pet.) (mem. op.) (dismissal of nuisance "claim" for failure to plead "an actual cause of action"). The court clarified that, instead, "[w]hether a defendant may be held liable for causing a nuisance depends on the culpability of the defendant's conduct, in addition to proof that the interference is a nuisance." *Crosstex*, 505 S.W.3d at 604. In their first amended petition, Appellants asserted claims for "intentional conduct causing nuisance injury," "negligent conduct causing nuisance injury," and common nuisance.[3] *See id.* at 604–07; TEX. CIV. PRAC. & REM. CODE ANN. § 125.001 (West 2019).

To succeed on a claim for "intentional nuisance," a plaintiff must prove that the defendant "intentionally created or maintained a condition that substantially

---

[3]Although Appellants referred to a "public nuisance" in the title of their live pleading, they cited to the statutory authority for a "common nuisance." *See* CIV. PRAC. & REM. § 125.001(1), (2) (West 2019); *compare id.* § 125.0015 (common nuisance) *with id.* § 125.062–.063 (public nuisance). We look to the

interferes with the claimant's use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Crosstex*, 505 S.W.3d at 604–05. In this regard, "a defendant intentionally causes a nuisance if the defendant 'acts for the purpose of causing' the interference or 'knows that [the interference] is resulting or is substantially certain to result' from the defendant's conduct." *Id.* at 605 (quoting RESTATEMENT (SECOND) OF TORTS § 825 (AM. L. INST. 1979)). A "negligent nuisance" claim is governed by ordinary negligence principles; thus, "[t]he elements the plaintiff must prove are 'the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach.'" *Id.* at 607 (quoting *IHS Cedars Treatment Ctr., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). In the latter claim, "[t]he only unique element, which derives from the nature of the legal injury on which the plaintiff bases the claim, is the burden to prove that the defendant's negligent conduct caused a nuisance, which in turn resulted in the plaintiff's damages." *Id.* Accordingly, in order to succeed on a private nuisance claim (in the absence of actions that give rise to strict liability), the plaintiff must prove that a condition substantially interfered with the plaintiff's use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibility (the legal injury); the defendant intentionally created or maintained the condition or the defendant's negligent conduct; caused the injury to the plaintiff; and the plaintiff suffered damages. *Crosstex*, 505 S.W.3d at 604–07.

The injury—interference to one's use and enjoyment—must be "substantial," and the "discomfort or annoyance" must be "unreasonable." *Crosstex*, 505 S.W.3d at 595; *Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011); *Gulledge v. Wester*, 562

---

substance of the pleadings and not the form. *See Aaron v. Fisher*, 645 S.W.3d 299, 310 (Tex. App.—Eastland 2022, no pet.); *Houston Lighting & Power Co. v. Klein Indep. Sch. Dist.*, 739 S.W.2d 508, 514 (Tex. App.—Houston [14th Dist.] 1987, writ denied). For clarity and consistent with the substance of their pleadings, we will refer to Appellants' cause of action as one for common nuisance.

S.W.3d 809, 814–16 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). The requirement that an interference be "'substantial' . . . sets a minimum threshold that confirms that the law 'does not concern itself with trifles, or seek to remedy all of the petty annoyances and disturbances of everyday life in a civilized community even from conduct committed with knowledge that annoyance and inconvenience will result.'" *Crosstex*, 505 S.W.3d at 595 (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, PROSSER AND KEETON ON TORTS § 88, at 626 (5th ed. 1984)). "Whether an interference is substantial or merely a 'trifle' or 'petty annoyance' necessarily depends on the particular facts at issue, including, for example, the nature and extent of the interference, and how long the interference lasts or how often it recurs." *Id.* at 595–96 (footnote omitted). A condition may interfere with a plaintiff's use and enjoyment in many different forms: it may result in physical damage or economic harm to the plaintiff's property, or it may directly impact the plaintiff's physical or psychological health or peace of mind. *Id.* at 596; *GTE Mobilnet v. Pascouet*, 61 S.W.3d 599, 616 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (alleged nuisance injury was personal discomfort, annoyance, and inconvenience).

The "unreasonable" component of a nuisance injury looks to the effect on the plaintiff, not the conduct of the defendant. *Crosstex*, 505 S.W.3d at 597. Whether the effect is unreasonable is an objective test, looking to whether it would disturb or annoy a person of ordinary sensibilities, tastes, and habits. *Id.* at 599. As such, a plaintiff's personal annoyance is not sufficient. *Id.* at 600. Whether an interference is substantial or the effect is unreasonable requires a balancing of nonexclusive factors:

> [1] the character and nature of the neighborhood, each party's land usage, and social expectations; [2] the location of each party's land and the nature of that locality; [3] the extent to which others in the vicinity are engaging in similar conduct in the use of their land; [4] the

6

social utility of each property's usage; [5] the tendency or likelihood that the defendant's conduct will cause interference with the plaintiff's use and enjoyment of their land; [6] the magnitude, extent, degree, frequency, or duration of the interference and resulting harm; [7] the relative capacity of each party to bear the burden of ceasing or mitigating the usage of their land; [8] the timing of each party's conduct or usage that creates the conflict; [9] the defendant's motive in causing the interference; and [10] the interests of the community and the public at large.

*Id.*

"[T]he questions of whether an interference with the use and enjoyment of property is substantial, whether the effects of such an interference on the plaintiffs are unreasonable, [and] whether the defendant intentionally or negligently created the interference . . . generally present questions of fact for the jury to decide." *Id.* at 609, 612–13. However, "[a] court may decide the issues as a matter of law only if the underlying facts are undisputed or, in light of all the evidence, 'reasonable minds cannot differ.'" *Id.* at 609 (quoting *Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 261 (Tex. 1999)). There is no question that foul odors, dust, noise, and bright lights—*if sufficiently extreme*—may constitute a nuisance. *Schneider Nat'l. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 269 (Tex. 2004). However, as we have held, aesthetic-based nuisance injury claims are not permitted. *Rankin*, 266 S.W.3d at 513 (affirming partial summary judgment dismissing plaintiff's aesthetic-based nuisance claims on a wind turbine project); *see also Ladd v. Silver Star I Power Partners, LLC*, No. 11-11-00188-CV, 2013 WL 3377290, *3 (Tex. App.—Eastland May 16, 2013, pet. denied) (mem. op.) (citing a collection of case supporting same).

B. *Common Nuisance*

Appellants' common nuisance claim, on the other hand, is a statutory claim under Chapter 125 of the Texas Civil Practice and Remedies Code.[4] As relevant

---

[4]*See supra* note 5.

here, Appellants alleged that a nuisance exists under Section 125.0015(a) because Appellees committed criminal trespass and disorderly conduct:

> (a)    A person who maintains a place to which persons habitually go for the following purposes [criminal trespass as described by [§] 30.05, Penal Code; disorderly conduct as described by [§] 42.01, Penal Code] and who knowingly tolerates the activity and furthermore fails to make reasonable attempts to abate the activity maintains a common nuisance.

CIV. PRAC. & REM. § 125.0015(a)(23)–(24); *Kim v. State*, 451 S.W.3d 557, 561 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (quoting CIV. PRAC. & REM. § 125.0015(a)). For this claim, Appellants alleged that Appellees' "plan to make unreasonable noise, light pollution, strobe effects, and other associated wind turbine effects near private residences and in public places. This and other harms all constitute disorderly conduct [as contemplated by Section 125.0015(24)] and trespass [as contemplated by Section 125.0015(23)] upon Plaintiff's land." A person commits criminal trespass if he "enters or remains on or in property of another . . . without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2024). "'Entry' means the intrusion of the entire body." *Id.* § 30.05(b)(1). Further, a person commits disorderly conduct if he "makes unreasonable noise in a public place other than a sport shooting range . . . or in or near a private residence that he has no right to occupy." *Id.* § 42.01(a)(5). "[A] noise is presumed to be unreasonable if the noise exceeds a decibel level of 85 after the person making the noise receives notice from a magistrate or peace officer that the noise is a public nuisance." *Id.* § 42.01(c)(2).

"Proof that an activity described by [§] 125.0015 is frequently committed at the place involved or that the place is frequently used for an activity described by

[§] 125.0015 is prima facie evidence that the defendant knowingly tolerated the activity." CIV. PRAC. & REM. § 125.004(a).

C. *Rule 91a Motion to Dismiss*

Rule 91a of the Texas Rules of Civil Procedure provides that a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1; *In re Estate of Sheshtawy*, 478 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." CIV. P. 91a.1. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Seshtawy*, 478 S.W.3d at 86.

We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). We look solely to the operative pleading and any attachments to determine whether the dismissal standard is satisfied. *Id.*; *see also* TEX. R. CIV. P. 91a.6. To determine whether the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleading. *Wooley*, 447 S.W.3d at 76. In doing so, we apply the fair-notice standard of pleading. *Id.* However, a threadbare recitation of the elements of a cause of action and mere conclusory statements will not suffice. *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 451 (Tex. App.—San Antonio 2016, pet. denied) (citing *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied)); *see also Tobias v. SLP Brownwood LLC*, No. 11-19-00247-CV, 2021 WL 2584505, at *3 (Tex. App.—Eastland June 24, 2021, no pet.) (mem. op.).

A Rule 91a motion to dismiss must identify each cause of action being challenged and must state specific reasons why the challenged causes of action have no basis in law or fact. TEX. R. CIV. P. 91a.2. To avoid a ruling on the motion, the nonmovant has the option to nonsuit or amend the challenged causes of action at least three days before the hearing. *Id.* R. 91a.5(a). If the nonmovant does not timely nonsuit or amend, however, the trial court must rule on the motion. *Id.* R. 91a.5(c).

*Analysis*

A. *Common Nuisance*

We begin with addressing the trial court's dismissal of Appellants' common nuisance claim because it is the most direct. As an initial matter, Section 125.0015 "does not apply to an activity exempted, authorized, or otherwise lawful activity regulated by federal law." CIV. PRAC. & REM. § 125.0015(a). Next, we note that Appellants' live pleading specifies that it sought to establish a common nuisance *through criminal trespass and disorderly conduct*, adopting all their preceding factual allegations. However, several deficiencies in Appellants' pleadings make such a claim untenable. To begin with, a common nuisance requires that the defendant "maintain[] a place to which persons habitually go" to commit criminal trespass and disorderly conduct, and "knowingly tolerate[] the activity and . . . fail[] to make reasonable attempts to abate the activity." CIV. PRAC. & REM. § 125.0015(a). Appellants alleged no factual allegations that Appellees control the property where the project is located to such a degree that they may control who enters the property or for what purpose. *See id.* Further, Appellants did not allege that persons habitually commit criminal trespass and disorderly conduct, let alone that they enter Appellants property *for the purposes* of doing so. *See id.* Rather, Appellants argued that the operation of the wind turbines themselves would constitute criminal trespass and disorderly conduct. Appellants' threadbare recitation of a common nuisance claim without any supporting facts is insufficient

10

to support their claim. *See Vasquez*, 492 S.W.3d at 451; *see also Tobias*, 2021 WL 2584505, at *3.

Appellants urge that "[w]hether the sound emanating from the wind turbines rises to the level required to constitute disorderly conduct, or whether the sound, vibrations, or light from the turbines are 'things' that constitute a trespass, are all fact issues for the jury." Importantly, criminal trespass requires "intrusion of the entire body," suggesting intrusion by a human body, rather than light or sound. *See* PENAL § 30.05(b)(1). As to Appellants' assertion that the noise emanating from the wind turbines would constitute disorderly conduct, we hold that a wind turbine that is located "a few hundred yards" to "just over a mile" away, on private property, would not constitute an unreasonable noise "near a private residence." *See id.* § 42.01(a)(5). Accordingly, the trial court did not err by dismissing Appellants' common nuisance claim. *See* TEX. R. CIV. P. 91a.

B. *Private Nuisance*

We next consider Appellants' private nuisance claims, addressing them separately. Because the pertinent facts are undisputed and sufficiently pleaded as to certain claims, whether Appellees' conduct entitles them to a legal remedy due to a nuisance injury may be decided as a matter of law. *See Crosstex*, 505 S.W.3d at 609.

1. *Daytime Visible Nuisance*

Appellants' pleadings allege that the wind turbines create a daytime visible nuisance because of their large size and white paint, standing out from the surroundings, and creating a flicker effect as the blades pass through the sun's rays. As to the appearance of the windmills in contrast with the natural landscape, we have twice held that such a complaint does not constitute a nuisance as a matter of law. *See Rankin*, 266 S.W.3d at 513; *see also Ladd*, 2013 WL 3377290, at *3. Stare decisis binds us to this precedent. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 264

(Tex. 2022) (noting that reluctance to overrule precedent is "particularly acute in property . . . cases"). Although a nuisance claim is not a property cause of action per se, it involves a property owner's rights and responsibilities, such that reluctance to overrule binding precedent should remain. *See id.* Appellants insist that aesthetic-based claims have been left open to interpretation by *Crosstex* because it did not address visual nuisances. *See Gulledge v. Wester*, 562 S.W.3d 809, 816 (Tex. App.—Houston [1st Dist.] 2018, no pet.). However, a higher court's failure to address something does not overrule this court's own precedent. *See Sw. Bell Tel. Co., L.P. v. Mitchell*, 276 S.W.3d 443, 447 (Tex. 2008) ("Generally, the doctrine of stare decisis dictates that once the Supreme Court *announces* a proposition of law, the decision is considered binding precedent.") (emphasis added). While we understand Appellants' arguments, we will not disturb our precedent today.

Appellants assert that their complaints regarding the wind turbines' flicker effect is not simply a repackaged aesthetic claim as Appellees argue. Appellants seek to differentiate their claim by pointing out that shadow flickers can cause "severe headaches, nausea, difficulty concentrating, and in some cases seizures." Assuming such effects are true, moving shadows are a uniform characteristic of all windfarms and the type of complaint that has been described as an "injury without a wrong." *See CrossTex*, 505 S.W.3d at 601 (quoting *State v. Brewer*, 169 S.W.2d 468, 471 (1943)). Here, the nearest wind turbine is "several hundred yards" from Green's property line and "less than two miles" from Wilks's. Moreover, Appellants allege that the project "stretches for miles," suggesting that only a few of the over forty turbines are near their property lines. *See* TEX. R. CIV. P. 91a.1 (permitting courts to draw reasonable inferences from the pleaded facts). The distance of the turbines from the properties and the duration for which any "shadow flicker" effect might last, heavily suggests that Appellants have asserted this claim in an effort to avoid it being cast as the type of aesthetic complaint previously rejected by Texas

12

courts. *See CrossTex*, 505 S.W.3d at 600; *Dorsey v. Env't Res. Mgmt. Sw., Inc.*, No. 14-23-00017-CV, 2024 WL 4230031, at *2 (Tex. App.—Houston [14th Dist.] Sept. 19, 2024, no pet. h.) ("Generally, we eschew the use of artful pleading when determining the nature of a party's claim."). Having fully considered Appellants' arguments, we conclude that Appellants' daytime visible nuisance assertion is ultimately an aesthetic complaint and, therefore, the trial court did not err by dismissing it. *See* TEX. R. CIV. P. 91a.1; *Rankin*, 266 S.W.3d at 513 ("[M]atters that annoy by being disagreeable, unsightly, and undesirable are not nuisances simply because they may to some extent affect the value of property.) (internal quotation marks omitted)"; *see also Ladd*, 2013 WL 3377290, *3.

### 2. *Nighttime Visible Nuisance*

Appellants' complaint regarding the effect of the turbines at night is based on the flashing red lights affixed to the turbines as mandated by FAA regulations that "require each turbine carry one or more 2,000 Candela power L-864 aviation red flashing, strobe, or pulsed obstruction lights which must be synchronized with other nearby turbines to flash simultaneously." Appellants alleged that these lights "rob" them of their ability to "enjoy the night sky, the moon, and the stars." Citing *Rankin*, Appellants argue that nuisance claims are regularly brought for situations involving light pollution. *See* 266 S.W.3d at 509 (collecting cases relating to bright light nuisances). Appellees again argue that Appellants' complaint is nothing more than an aesthetic-based complaint, this time occurring at night. We must agree with Appellees.

The plain language of Appellants' first amended petition makes clear that their complaint is based on an obstruction of their view of the night's sky, which is not permitted as a nuisance injury, *see id.*, when compared to a complaint that bright lights will shine into their homes, which is. *See, e.g.*, *C.C. Carlton Indus., Ltd. v. Blanchard*, 311 S.W.3d 654, 660 (Tex. App.—Austin 2010, no pet.) (finding

13

sufficient evidence of nuisance where construction company placed several "bright lights . . . directly behind the Homeowners' residences" and "began working 'around-the-clock'"); *Pascouet*, 61 S.W.3d at 616 (finding sufficient evidence of nuisance where "bright lights" from radio tower immediately next to plaintiffs' property shined directly into their backyard all night); *Lamesa Coop. Gin v. Peltier*, 342 S.W.2d 613, 616 (Tex. App.—Eastland 1961, writ ref'd n.r.e.) (affirming nuisance as a matter of law where cotton gin would "cause loud noises, glaring lights, dust, odors, smoke and cotton lint to come into plaintiff's home"); *Vaughn v. Drennon*, No. 12-11-00395-CV, 2013 WL 3270880, at *3 (Tex. App.—Tyler June 25, 2013, no pet.) (mem. op.) (affirming nuisance where neighbor shined bright lights "98% of the time" onto plaintiffs' property where they resided). Moreover, we note that the red flashing lights are FAA mandated, which the trial court ostensibly concluded were not of a sufficient brightness to constitute a nuisance from a "few hundred yards" to "just over a mile" or more away. *See Crosstex*, 505 S.W.3d at 597 n.8 (noting that bright lights may constitute a nuisance "*if sufficiently extreme*") (internal quotation marks omitted). It is particularly relevant that neither Appellant resides on the property at issue. *See id.* at 600. Thus, other cases involving nuisances from bright lights shining into an individual's *home* are inapposite. We conclude the trial court did not err by dismissing Appellants' "nighttime visible nuisance" claim as it is likewise an aesthetic complaint. *See* Tex. R. Civ. P. 91a.1.

### 3. *Constant Audible Nuisance, Constant Tactile Nuisance, and Nuisance Effecting and Destroying Wildlife*

For Appellants' remaining claims, Appellees argue that the trial court properly dismissed these claims because Appellants pleaded only legal conclusions—not facts—to support Appellees' mental culpability. Appellees also argue that Appellants' claim for damages is entirely prospective and not permitted. Appellants

14

contend that their pleadings were sufficient to survive Appellees' Rule 91a motion and that Appellees rely on inapplicable case law.

First, we agree with Appellees that Appellants cannot seek monetary damages for a prospective nuisance. *See 1717 Bissonnet, LLC v. Loughhead*, 500 S.W.3d 488, 496 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[T]he damages question should not have been submitted [to the jury] because there is no cause of action for damages caused by a prospective nuisance, which is a question of law."). And whether the prospective nuisance alleged by Appellants may warrant injunctive relief will necessarily depend on the evidence adduced at the injunction hearing and will not be limited to the pleadings alone, as we are here. *See id.* at 497 ("A court may exercise its equitable power to enjoin a prospective nuisance under certain circumstances."); *Deep E. Tex. Reg'l Mental Health and Mental Retardation Servs. v. Kinnear*, 877 S.W.2d 550, 556 (Tex. App.—Beaumont 1994, no pet). To the extent the trial court dismissed Appellants' prospective nuisance claim for damages *with prejudice*, it cannot preclude Appellants from bringing such a claim in the future once, or if, an alleged nuisance begins.[5]

As to Appellees' attempt to dismiss Appellants' claims for failing to plead sufficient facts that would establish intentional or negligent conduct, such a complaint falls within, and must also be raised as, a special exception under Rule 91. *See In re Shire PLC*, 633 S.W.3d 1, 35 (Tex. App.—Texarkana 2021, no pet.) (Dismissal under Rule 91a is not permitted when "the petition fails to state enough detail regarding the facts."); *see also* TEX. R. CIV. P. 91. Appellees rely on *In re First Reserve Management, L.P.* for the proposition that Appellants must "plead 'the essential factual allegations supporting those claims' which must be sufficient to

---

[5]Nothing in this opinion should be construed as precluding Appellants from amending their pleadings as to additional interference, if any, alleged to have emerged with the completion and operation of the wind turbines.

support a judgment if ultimately proven." 671 S.W.3d 653, 662 (Tex. 2023) (quoting *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021)). However, in *First Reserve* there was a complete absence of factual allegations in support of how the owners of an entity allegedly pierced the corporate veil. *See id.* at 656, 662. The issue was not whether the plaintiffs pleaded sufficient facts to support scienter. *See id.* at 662. Similarly, our precedent that addressed missing elements in the pleadings under Rule 91a discusses elements that are not pleaded rather than insufficient facts set out in support of the required scienter. *See, e.g.*, *Cazares v. Segovia*, No. 11-18-00141-CV, 2020 WL 3127335, at *2 (Tex. App.—Eastland June 11, 2020, no pet.) (mem. op.) (affirming dismissal under Rule 91a where plaintiff failed to plead facts alleged to constitute defendant's breach or how plaintiff sustained damages). Accordingly, we find these cases to be inapposite.

Further, relying on *CrossTex*, Appellees argue that Appellants must show that Appellees "intentionally caused the interference that constitutes the nuisance, not just that [Appellee] intentionally engaged in the conduct that caused the interference." *See CrossTex*, 505 S.W.3d 605. While Appellees quotation is true, this does not end our analysis. *CrossTex* also held that intentional nuisance can be shown if the plaintiff establishes that the interference was *substantially certain* to occur from the defendant's conduct. *See id.* Such intent is precisely what Appellants have pleaded. Thus, Appellants were not required to also plead that Appellees intentionally interfered with Appellants' use and enjoyment of their property. *See id.* Additionally, Appellees argue that Appellants were required to plead and *prove* some specific act of neglect. However, proof is reserved for the factfinder upon remand—Appellees need only meet the fair-notice pleading standard, which they have. *See Wooley*, 447 S.W.3d at 76.

Having reviewed the pleadings, construing them liberally and indulging all reasonable inferences in favor of Appellants, we conclude the trial court erred by

16

dismissing Appellants' claim to enjoin Appellees' prospective intentional nuisance based on auditory, tactile, and wildlife interference. *See* Tᴇx. R. Cɪv. P. 91a.1; *Sanchez*, 494 S.W.3d at 724; *CrossTex*, 505 S.W.3d at 593.

*This Court's Ruling*

Looking solely to Appellants' pleadings and any attachments to determine whether the dismissal standard is satisfied under Rule 91a, we reverse the judgment insofar as it dismissed Appellants' intentional nuisance and negligent nuisance claims that inure from pecuniary damages for auditory, tactile, and wildlife nuisances. We affirm the judgment of the trial court in all other respects, including its dismissal of Appellants' "public nuisance" claim. We remand this case for further proceedings consistent with this opinion.

W. BRUCE WILLIAMS
JUSTICE

December 12, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.